No. 71.—JOHN F. LAWSON, plaintiff in error, *vs.* J. A. & S. S. VIRGIN, defendants in error.

When it is admitted that a debtor is utterly, hopelessly and irretrievably insolvent, and that the only means of obtaining payment is by the appropriation of his interest in a deceased ancestor's estate, and that this remedy will be una-. vailing, unless the administrator is enjoined from settling with the debtor and paying over to him his distributee share : Chancery will interfere and grant an injunction, notwithstanding no judgment at law has been established.

In Equity.    Decision by Judge ALLEN, at November Term, 1856, of Bibb Superior Court.

This bill was filed by J. A. & S. S. Virgin, complainants, against Robert Martin, and John F. Lawson, administrator *de bonis non*, of John Martin, deceased, and administrator of Eliza A. Martin.    Complainants allege that said Robert Martin is indebted to them one hundred and ninety-five dollars, besides interest, upon a promissory note; that he is wholly and utterly insolvent, and has no visible tangible estate, real or personal ; and, (by an amendment,) that they have instituted suit at law upon said note, now pending in Bibb Superior Court, the county in which Robert Martin resides.

That said Robert is entitled to an estate or interest in the hands of John F. Lawson, of the county of Burke, as administrator aforesaid, due and coming to him as heir at law or distributee of said John Martin and Eliza A. Martin, more than sufficient to pay complainants' demand.

The bill prays for an account against said John F. Lawson, administrator as aforesaid ; that he be enjoined and restrained from paying said distributive share to said Robert ; and that he be decreed by this Court to pay the same, or as much thereof as is necessary, to the discharge and satisfaction of complainants' demand against said Robert Martin.

Defendant, John F. Lawson, demurred to this bill for

want of equity, and because the facts stated therein furnish no grounds for the interposition of a Court of Equity.

After hearing argument, the Court overruled the demurrer and ordered defendant to plead or answer; to which ruling and decision, defendant, Lawson, excepts and assigns error thereon.

McKENZIE ; and G. D. TRACY, for plaintiff in error.

STUBBS, HILL & TRACY, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion,

Is there equity in this bill? If it be true that the debtor in this case is utterly, hopelessly, irretrievably insolvent, and that the interest to which he is entitled in the estate of his deceased parents is the only possible means out of which payment can be obtained, and that resource will be unavailable unless the administrator is prevented from settling with Martin, the distributee, and debtor of complainants, (and all this is confessed by the demurrer,) is not an injunction indispensably necessary? It would seem so.

The rule is not, that equity will not interpose to assist a judgment at law until an execution has been issued and a return of *nulla bona* had thereon. It is broader than this. The legal remedies must be exhausted or pursued to every available extent, and this is just the case made by the bill. Our statute authorizes a resort to equity whenever there is no adequate remedy at law. None has been suggested in this case. None has occurred to this Court.

Judgment affirmed.