*T. J. Ripley* and *W. M. Bailey,* for defendant.

---

Haygood *et al.* v. Stone, trustee.

Atkinson, J. A, as devisee under the will of his deceased father, had a vested-remainder estate in certain realty in common with others. The property was in the hands of an administratrix with the will annexed, and produced certain incomes in which A was also interested. In these circumstances a trustee appointed in a bankruptcy proceeding against a corporation instituted suit against A and the administratrix, for a money judgment against A for the amount of a stock subscription in the corporation, and for injunction against both defendants, to prevent delivery or receiving the realty or its income, and to impound it to pay the money judgment when it should be obtained. It was alleged that except for the devise A was insolvent, and that the petitioner would lose the amount of the debt unless injunction should issue. The defendants filed separate general demurrers and answers making the points that no cause of action was alleged or existed against either defendant, that the plaintiff did not have a lien upon which to base his claim for equitable relief, and that the plaintiff had an adequate remedy at law by levy and sale of the realty and garnishment as to the income. The judge overruled the demurrers and granted a temporary injunction, under his interpretation of the decision of this court in *Lawson* v. *Virgin,* 21 *Ga.* 356. The defendants excepted. While the case was pending in this court the attorney for the plaintiff in the trial court, being defendant in error, advised this court by letter that all issues in the case have been settled "according to offer submitted to" plaintiff, "and the con-

Appeal and Error, 4 C. J. p. 575, n. 80; p. 579, n. 12; p. 600, n. 8.

sideration thereof has actually" been paid; that "the cause of action sued upon was reduced to judgment subsequent to the transmitting of the bill of exceptions, . . and the judgment has been transferred" to the administratrix "at the request of" A. After receipt of this letter a rule was issued by the clerk of this court and mailed to the attorneys for the plaintiff in error, calling attention to the above-mentioned communication, and ordering counsel for plaintiff in error to "show cause, in writing, before this court immediately why this case should not be dismissed because it is moot." No response having been made to the rule, it will be presumed that the facts stated in the letter are true. Treating them as true, the issues are moot. Settlement and payment of the debt would dispose of all questions as to the debt and the right to injunctive relief.

*Writ of error dismissed. All the Justices concur.*

.No. 5612. SEPTEMBER 13, 1927.

Injunction. Before Judge Humphries. Fulton superior court. July 26, 1926.

*Savage & Crawford* and *John B. Gamble,* for plaintiffs in error. *J. L. Hargrove* and *Noah J. Stone,* contra.