### STEADMAN *vs.* LEE.

It is necessary that the bankrupt, after his petition and adjudication as a bankrupt, and pending proceedings for his final discharge, shall make some sort of application to stay proceedings in a state court pending against him on a suit therein, if he would arrest such suit, before it is prosecuted to judgment; otherwise, if judgment be rendered before the final discharge in bankruptcy, it will be operative and valid, and the debt on which it is predicated will not be discharged by the bankrupt's final discharge, although provable in the bankrupt court, and although the usual notice was given the creditor.

Bankruptcy. Judgments. Lien. Before Judge HALL. Newton Superior Court. March Term, 1878.

Lee's *fi. fa.* was levied on Steadman's property. The latter filed an affidavit of illegality, on the ground, among others, that he had been discharged in bankruptcy. The court overruled the affidavit, and defendant excepted. For the other facts, see the opinion.

L. B. ANDERSON, for plaintiff in error, cited 39 *Ga.*, 64.

J. J. FLOYD ; EMMETT WOMACK, for defendant.

JACKSON, Justice.

There is but one assignment of error in this bill of exceptions. That is the third ground of the affidavit of illegality, which is, "that before the rendition of said judgment, the said Enoch Steadman had filed his petition in the district court of the United States for the northern district of Georgia, and was legally adjudicated a bankrupt, and did then and there surrender all of his property, both

Steadman *vs.* Lee.

real and personal, and all notices required by law to be given of all meetings of creditors and notices of applications of discharge were given, and said Augustus H. Lee had notice thereof," and that he was afterwards discharged, setting out the discharge in full, bearing date October 21, 1875, and showing that his petition was filed and he was adjudicated a bankrupt in 1873. The judgment on which the execution issued was rendered in 1874, after the petition and adjudication, but before the discharge of the bankrupt. It was admitted that the debt was such a one as is provable in bankruptcy, but bore date anterior to the constitution of 1868.

There is no proof that Steadman ever filed any plea, or took any step to arrest the case which was proceeding against him when he filed his petition in bankruptcy; and the question is, whether a judgment of the state court, rendered after the adjudication, but before the discharge in bankruptcy, when the defendant took no steps to notify the state court that he had been adjudicated a bankrupt, or had filed his petition in the United States court, is valid, or whether the bankrupt is discharged from the debt?

The bankrupt act (Revised Statutes of United States, §5106,) declares, in substance, that no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; but that such suit or proceeding shall be stayed *upon the application of the bankrupt*, provided there be no unnecessary delay, etc., etc. It will thus be seen that the bankrupt must make application in some way to have the proceedings stayed in the state court. This he did not do, so far as the record discloses, and his own laches has allowed this judgment of a court of competent jurisdiction to be rendered against him. We hold, therefore, that the judgment is good, and that his discharge being subsequent thereto, does not relieve him from its operation.

Judgment affirmed.