Toler *vs.* Passmore, adm'r, *et al.*

---

TOLER *vs.* PASSMORE, administrator, *et al.*

Where a proceeding is pending to foreclose a mortgage on real estate, and a plea is filed to the effect that the mortgagor has filed his petition and been adjudged a bankrupt since the petition to foreclose, and a motion is made to continue the case to await the discharge in bankruptcy :

*Held*, that the motion to continue was properly overruled, because the discharge when had, would not affect the mortgage lien.

Bankruptcy.    Mortgage.    Continuance.    Practice in the Superior Court.    Before Judge CRAWFORD.    Harris Superior Court.    October Term, 1878.

Reported in the opinion.

A. A. DOZIER, for plaintiff in error, cited 61 *Ga.*, 58 ; Bump on Bankruptcy, 72–73, 129 ; 49 *Ga.*, 361.

No appearance for defendants.

JACKSON, Justice.

This case arose by petition to the superior court on the part of Passmore and others to foreclose a mortgage on realty. The *rule nisi* had been regularly granted, and the case was called for trial at the term to which it had been returned, when the defendant made a motion to continue on the ground that he had instituted proceedings in bankruptcy, had been adjudicated a bankrupt, but had not yet procured his discharge, and desired to continue until he did procure it. The court refused the motion to continue, and this refusal is the error complained of.

Suppose his discharge had been in court, pleaded and offered in evidence, what benefit could he have derived from it? It could not have affected the validity of this mortgage, because the bankrupt law expressly relieves such a lien from the operation of the act so far as to affect its validity, unless the creditor has done some act which forfeits it by proving his whole debt and delivering up his lien. If not, he may retain and enforce the lien—Rev. Stat. U. S., 5075.

There is no pretense that any such act was done in this case, and, therefore, the plea of discharge in bankruptcy would not have been good; and the continuance would have been without profit to the defendant, and was, therefore, properly overruled.

The case of *Steadman vs. Lee*, 61 *Ga.*, 58, cited by plaintiff in error, was wholly unlike this. There was no question of a lien in that case; and the only point ruled was, that before a state court would stop to render final judgment in an ordinary suit in which it had acquired jurisdiction prior to application for bankruptcy, some notice must be brought judicially to it of the application before it rendered judgment; otherwise, the judgment and execution thereunder would be valid, although the debt was one provable in bankruptcy. The question there arose on an affidavit of illegality to the execution so issued.

Judgment affirmed.