## COHEN & KAPLAN *vs.* DUNCAN & JOHNSTON.

Where defendants put in a plea that they had been adjudicated bankrupts, and prayed that the suit against them on promissory notes be stayed a reasonable time to await the action of the district court of the United States on the question of their final discharge, and were ready to verify their plea by exemplification from the district court legally certified, and the plea was stricken and final judgment rendered against them:

*Held,* that the proceedings in the state court should have been suspended, and that final judgment should not have been entered against defendants

Bankruptcy. Before Judge SNEAD. Burke Superior Court. November Adjourned Term, 1878.

Reported in the opinion.

H. H. PERRY, by McCAY & ABBOTT, for plaintiffs in error.

J. J. JONES, for defendants.

JACKSON, Justice.

Duncan & Johnston sued Cohen & Kaplan on two promissory notes. The defendants filed a plea that they had been adjudicated bankrupts, and therefore the court could not enter judgment against them until the question of their final discharge was determined, there having been no unnecessary delay in the bankrupt proceedings.

They called the plea a plea to the jurisdiction; it should have been more properly styled a plea to stay the proceedings until the final discharge. The name, however, makes no difference.

The record discloses the fact that the defendants were ready to verify their plea, having in court an exemplication of their petition and adjudication in bankruptcy duly certified by the clerk and judge of the district court of the United States for the northern district of Georgia, yet the court, on motion, struck the plea and gave judgment for the plaintiffs.

The bankrupt act (Revised Statutes of United States, §5106) declares, in subsance, that no creditor whose debt is provable in bankruptcy shall be allowed to prosecute to final judgment any suit in law or equity therefor against the bankrupt until the question of his discharge shall have been determined; but that such suit or proceeding shall be stayed, upon the application of the bankrupt, provided there be no unnecessary delay, etc. This was a debt provable in the bankrupt court; the defendants had been adjudicated bankrupts; they made application by plea to stay the proceedings until the question of their discharge was passed upon; the plaintiffs had no mortgage or other lien against them, but merely two promissory notes; the statute

of the United States in such a case clearly provides that the suit shall not be prosecuted to final judgment, but that it shall be stayed a reasonable time to await the final action of the bankrupt court on the question of discharge.

The court below, therefore, erred in giving a final judgment after striking defendants' plea.

In the case of *Steadman vs. Lee*, 61 *Ga.*, 58, no plea at all was filed, and no application of any sort was made to the state court to stay the proceeding, and judgment went against Steadman because it was not made known to the court that he had been adjudicated a bankrupt. So when he filed an affidavit of illegality to the execution issued on this judgment, this court held that the judgment was good, it being older than his discharge, though junior to his petition and adjudication; because by his own *laches* he had failed to make any plea or application of any sort to stay proceedings pending his petition and before his discharge. But in this case there is no *laches*. The plea was in ; the exemplification from the federal court exhibited; and the act of congress in strict accordance with the constitution of the United States, and therefore authoritative over the state courts, prohibits final judgment, and declares that the suit shall be stayed on the application of the bankrupts.

Of course the statute means that the application shall be made to the court where the suit is pending.

We think that the court erred in striking the plea and entering final judgment, and the judgment is reversed.

Judgment reversed.