## HOWELL *vs.* GLOVER.

1. In order for one who has been adjudicated a bankrupt to obtain a stay of proceedings in a case in a state court to await his discharge, notice of such adjudication must be judicially given to the court and application for a stay made.   That the court has seen the certificate of the adjudication in other cases, or has personal knowledge concerning it, will not suffice.

2. Where, on account of a misunderstanding between attorneys and their client as to fees, the former had their names stricken from the docket as defending the case, and on the call thereof they declining to appear, there was no response for the defendant, and judgment went against him, it will not be set aside because he expected them to suggest his bankruptcy and apply for a stay of proceedings.

Bankruptcy.   Practice in the Superior Court.   Attorney and   client.   Before   Judge   LESTER.   Cobb   Superior Court.   March Term, 1880.

Howell moved to set aside certain judgments rendered against him in favor of Glover, on substantially the following grounds :

(1.) Because he had been adjudicated a bankrupt prior to the rendition of the judgments.

(2.) Because, at a previous term and in another case, he had placed before the court a certificate of his adjudication in bankruptcy and obtained a stay of proceedings, and thought that it applied to all cases pending against him, and that it would be unnecessary for him to attend court further.   The judge certifies that he had not seen the certificate of adjudication in bankruptcy since the

former case, and that bankruptcy was not, pleaded nor the adjudication placed before him in this case.

(3.) Because he had employed attorneys, and supposed they would do what was necessary in the case; but they disagreed with him as to the terms of their employment, and had their names stricken from the docket.

(4.) Because, although the cases had been consolidated by agreement, separate judgments were rendered.

Glover answered denying the sufficiency of the grounds of the motion, or that he was in any way concerned in preventing Howell from obtaining a stay of proceedings, or had anything to do with the disagreement between himself and his counsel. He denied the consolidation. By consent, the motion as to all the judgments was argued as one case.

The motion was refused, and movant excepted.

D. & T. B. IRWIN; W. P. McCLATCHY, for plaintiff in error.

RICHARD WINN; W. T. & W. J. WINN, by A. C. KING, for defendant.

JACKSON, Chief Justice.

Howell made a motion to set aside a judgment rendered against him on several grounds set out in the record. On analyzing these grounds, they will be found to be reduced to but two—first, and mainly, that the judgment was rendered after his adjudication as a bankrupt, and secondly, that he was under the impression that he had notified the judge of said adjudication and thought his counsel would attend to the case, and it would be continued until the final result of his application for discharge as a bankrupt.

1. It appears from the record and certificate of the judge, that no plea was filed, nor was there any application to him of any sort to stay the proceedings in this case.

Therefore, *Steadman vs. Lee*, 61 *Ga.*, 58, controls this point.

Nor does it help the plaintiff in error that at the term before in *other cases*, the judge had seen the certificate of his adjudication. The court must be judicially informed by some sort of application to stay proceedings in the pending case. What the judge knows by what transpired in other cases, or of his own knowledge, the court does not judicially know in a case pending for legal trial before it.

2. Nor is the party relieved by the failure of his counsel. It seems from the record that they had their names stricken on account of some misunderstanding about fees, and when the case was called did not and would not respond, though their attention was called to the matter.

The plaintiff in error did not appear when called, and the court could not well do otherwise than proceed with the case. At all events, we are not at liberty to control the discretion of the judge.

There does not seem to have been any consolidation of the cases. If there was, it is only matter of costs, and the error, if any, can be rectified by the court below on proper proceedings there.

Judgment affirmed.