Anderson *vs*. Anderson,

---

ANDERSON *vs*. ANDERSON.

[JACKSON, Chief Justice, was providentially prevented from presiding in this case.]

Where to a suit brought in Georgia on a judgment rendered in the state of Tennessee. the defendant pleaded his discharge in bankruptcy, and it appeared that he was adjudged a voluntary bankrupt pending the suit in Tennessee, but failed to plead that fact, or to ask a stay of the proceedings on that account, and the judgment was subsequently rendered, and he thereafter obtained his discharge:

*Held*, that the plea was a valid bar to a recovery. The Tennessee judgment did not constitute a new debt, but simply a new security for the old debt, and of itself had no force or effect in Georgia.

Bankrupt. Judgment. Before Judge McCUTCHEN. Catoosa Superior Court. February Term, 1880.

Reported in the opinion.

R. J. McCAMY, for plaintiff in error.

W. H. PAYNE; J. H. ANDERSON; I. E. SHUMATE, for defendant.

HAWKINS, Justice.

On the twelfth day of April, 1875, James H. Anderson, in a chancery court in the state of Tennessee, obtained a judgment against the plaintiff in error, J. M. Anderson, for five hundred and twenty-one dollars, besides interest and costs.

On the seventh day of April, 1879, he brought his action of debt on this foreign judgment against the plaintiff in error, in Catoosa superior court. To which the defendant pleaded his discharge in bankruptcy, and on an agreed statement of facts the judge, without a jury, awarded a judgment for the plaintiff.

By the agreed facts, it appears that J. M. Anderson, on the twenty-third day of March, 1875, was indebted to J. H. Anderson in the sum of $521.00, that on that day suit was then pending in the chancery court of the state of Tennessee, the residence of said J. M. On that same day J. M. was adjudicated a voluntary bankrupt on his own petition, with due notice to all his creditors as the law required. During the pendency of the bankruptcy proceedings, to-wit: on the twelfth day of April, 1875, judgment was rendered against the said bankrupt for the full amount, no plea being filed, and no suggestion of bankruptcy, and no effort to stay proceedings.

On the eleventh day of December thereafter, the said J. M. was duly discharged as a bankrupt from his debts, which existed on the twenty-third day of March, 1875.

This debt is such a debt as would have been affected by the discharge, unless the judgment rendered as aforesaid prevented it. Neither the judgment nor the debt were proved in bankruptcy.

The question therefore for adjudication is not so much what effect the discharge has upon the judgment in the state of Tennessee, whether the same is still unaffected by the discharge, or remains intact and operative in every respect and enforcible at law in the same way and to the same extent as if no bankruptcy had supervened, but whether to a suit upon a foreign judgment obtained upon a debt since 1868, the plea of the bankrupt's discharge granted before the suit is a good defense.

The solution of that must rest upon several propositions. If it is a provable debt against the bankrupt's estate, can the lien of a judgment be preserved from

sale and the debt still become extinct? What effect has the failure of the bankrupt to suggest bankruptcy when suit on a provable debt is pending, or the judgment obtained after his adjudication, and what distinction is there between the right obtained by the judgment in the state of Tennessee and the one sought by the pending action of debt in Catoosa county?

Let us examine these legal elements in the light of the bankrupt law, the decisions of the courts and reason.

Every debt of whatsoever kind made by the bankrupt before the date of his adjudication, except those created by fraud in some fiduciary character, or having a legal lien allowed by the law of the *situs*, is provable in the bankrupt court, and when a discharge is granted the bankrupt is relieved from all such provable debts, and by the amendatory bankrupt act of 1873, his discharge extends to all liens, judgments, etc., as well as other liabilities, but it is not necessary here to consider that amendatory legislation to the system of bankruptcy. Whatever our respective opinions may be upon that subject, and its effect upon existing contracts, liens, etc., before and after 1868, we adhere to the decisions of this court touching those questions until the supreme court of the United States shall by decision settle what is now so in conflict, nor is it germain to the case at bar.

If therefore this be one of the class not by fraud, or in a fiduciary nature and having no lien, then it must be that the discharge of the bankrupt is a good plea to its enforcement.

The object of the plaintiff is not to enforce the lien of his judgment obtained in a Tennessee court, for that can have no extra-territorial legal merit. It operates upon and binds nothing, and is a lien upon nothing. It can no more be enforced in Georgia than the original debt upon which it was founded.

In our law it is called a debt of record, suable as any other debt, promissory note, bill of exchange, covenant

or contract, and by a similar action, the only difference being that the judgment is an estoppel as to all matters pleadable before judgment, and before the lien is created. In other words, the judgment binds the defendant just like a judgment would bind in the cases upon other contracts when obtained, but in neither case is the lien created until judgment and all are subject to the defenses of payment, release and discharge, and the like.

So this debt, whether an old or a new one, whether the contract, being merged in the judgment and constituting a new debt of record, or remaining as an old debt with a new form and security, cannot change its legal status, as a debt stripped of its lien as a judgment, whether the judgment in Tennessee was a new debt or a new security for the old one, either or both would be but a debt here without a lien, and the plea would be good, unless the failure of the bankrupt after his adjudication to plead or apply for a stay of proceedings, would bar him of the right.   The proceedings in bankruptcy were pending when the judgment was obtained, when the bankrupt was *civiliter mortuus*, and when the bankrupt law forbade all proceedings in the state court.

In those cases where it was held that the bankrupt was concluded by a judgment obtained after adjudication, the courts put their ruling upon the ground that it was a new debt, and, being a debt after adjudication, was binding on the defendant in any form, whether by contract or judgment; by a reference to the brief at the end of this opinion, it will be seen that the better rule is that the judgment is not a new debt, but the old debt is only merged in the judgment, and thereby obtains another security, the one provided by law.

So are all of our decisions in reference to the homestead exemptions.   In every case this court holding that the date of the contract and not the judgment determined the question of exemption.   So there is nothing in the two cases relied on here and decided by this court, of

*Steadman vs. Lee* and *Freeman vs. Roberts*, contrary to this doctrine. In those cases, one an illegality the other a claim, the questions were as to enforcing liens; besides, the judgments were obtained after the discharge of the bankrupt.

After discharge he was *sui juris* to all intents and purposes, and was as much bound on a judgment by default even upon a debt before his adjudication as any other person failing to make defense, and his failure to plead was similar to the default of any other person who had been sued. If the case had been on *scire facias* to revive a dormant judgment under our law, the defendant could set up payment, discharge or release after judgment.

So we think the true rule is, that the judgment on a contract is not a new debt, in the sense of contract debts, but is the old debt maintained with a new security—the old debt is merged, so to speak, in the judgment. As to all defenses then existing it is conclusive; but as to a bankrupt discharge, in no sense is it a new debt.

The defendant, by his plea of discharge, does not seek to interfere with the plaintiff's judgment in the state of Tennessee, but he says, I am no longer *personally* liable for the *debt*, and the fact that no plea was filed and no application to stay the proceedings in the Tennessee court, cannot affect my right to plead a discharge from the obligation of the debt without interfering with the lien of the judgment. The two are distinct, and in no way can the one affect the other, except to be pleaded as a discharge. Whatever may be done by this action in Georgia will not interfere with the judgment in the state of Tennessee; and if so, it is quite unnecessary here to decide to what extent, for the whole scheme of the bankrupt law discharges the bankrupt from the debt and preserves the lien, as this court has held in several cases; the debt gone, but the lien remains.

If the defendant in error was seeking to enforce a judgment lien obtained in this state pending the bankruptcy

proceedings, after discharge, the bankrupt might not be allowed to say aught against the lien, but certainly the debt would be discharged, and when he had exhausted his lien remedies, and by an action of debt sought a personal liability of the bankrupt, then the discharge would avail. So we think the court erred in its judgment.

See 27 Maine R, 441; 6 Hill, 254; §20, Bankrupt Law; 20 Vermont, 293; 26 *Ib.*, 397; 30 Miss., 389; 1 La. An., 161; 1 Sanford, 659; 7 Howard, 612; Bump on Bankruptcy, 736-7-8; 3 Barb., 429; 9 *Ib.*, 496; 3 Barb. Ch., 360; 2 Tenn. Ch., 633; 50 N. Y., 593; 5 Heiskell, 54.

Judgment reversed.