## BONNER *et al. vs.* HOLLAND *et al.*

1. While the evidence in this case is conflicting, yet we cannot say that the verdict is contrary to law, evidence, or the charge of the court.

2. Beneficiaries of a trust cannot both hold and enjoy the proceeds of their trust property and at the same time recover the property itself from one who paid full value therefor. Equity will not aid them in such an effort.

(*a.*) Beneficiaries of a trust, who claimed that certain land was a part of the trust estate, though held by their trustee in his own name, after sale of the property by him sought to pursue the fund arising therefrom, by bill in equity, into certain land bought by the trustee, which litigation resulted in a compromise, by which a part of the land was set aside to an individual creditor of the trustee. and the *cestui que trusts* were to take a decree against the trustee as to the balance of the land, which was of more value than the proceeds of the first lot:

*Held*, that in a subsequent suit by them to recover the first lot, the presumption would be that they recovered in the suit for the proceeds according to the compromise, and the *onus* would be on them to show that such effort to recover the proceeds had proved fruitless.

New Trial. Verdict. Trusts. Before Judge ERWIN. Hall Superior Court. September Term, 1881.

Reported in the decision.

D. M. DuBOSE, for plaintiffs in error.

J. B. ESTES & SON; N. J. HAMMOND; CANDLER & THOMSON, for defendants.

SPEER, Justice.

Plaintiffs in error brought their bill in equity in Hall superior court to recover a tract of land containing six hundred acres, known as the "Limestone Spring tract" originally, now as "New Holland Springs," lying in Hall county.

There was, under the evidence and charge of the court, a verdict for the defendants, whereupon complainants made a motion for a new trial, which was overruled, and complainants excepted. The record discloses that the premises sought to be recovered belonged originally to Isaac Ramsey, late of Columbia county. That he died testate about the year 1860. That by the fourth item of his will one-fourth of his estate was given "to W. H. Bonner, for the use of his wife, Sarah E. Bonner, (a daughter of testator) during life, and at her death to her children, if any, if none, to W. H. Bonner absolutely." Under the will, the executors (of whom Bonner was one) were authorized "to sell any property not specifically bequeathed, at public or private sale without an order of court." That during the existence of the trust estate the trustee was empowered to sell any portion of the trust estate, re-investing proceeds on like trusts and limitations. That in the distribution of the testator's estate this "Limestone Spring tract" of land was, by a private sale at auction, among the executors, bid off for Mrs. Bonner, a deed made to John Bonner, individually, dated 12th of March, 1863, and recorded 25th of March, 1863. That on 25th of March, 1867, by deed duly recorded, John Bonner conveyed the land to W. H. Bonner, husband of complainant. It is alleged that though the deeds were thus made, yet the property was in fact intended to be, and was received as, part of the estate of Mrs. Bonner under the trusts in her father's will, and was her trust estate.

Further it appears, and is so alleged, that W. H. Bonner, on the fifth day of April, 1871, by deed duly recorded, sold and conveyed for the consideration of $3,600.00 "the Limestone Spring place" to Thomas Alexander and Edward W. Holland, the bill charging and alleging that at the time of said sale and conveyance the purchaser, Holland, knew and was so informed that the property was the trust property of complainant, and the same was by him bought with full notice of the trust. That some time

thereafter Alexander sold his half interest in the premises to Edward W. Holland. The bill was brought by complainants to recover of Holland and Alexander the lands with the mesne profits and rents. W. H. Bonner was also a party defendant to the bill; discovery was waived as to Holland and Alexander, but was invoked from Bonner, the other defendant. On the trial, the evidence showed that the price paid by Holland and Alexander was the full market value of the property.

During the trial, the respondents offered and read in evidence a record of certain proceedings in Gordon superior court, by which it appeared that one Dennis Johnson had sold to W. H. Bonner a valuable tract of land in Gordon county, for which W. H. Bonner was to pay him $12,500.00. That Bonner paid $5,000.00 and accepted from Johnson a bond conditioned to make titles on payment of balance of the purchase money. That for said balance Johnson sued, and having received nearly one-half of the balance remaining unpaid from the proceeds of the sale of said "Limestone Spring place," judgment was rendered in favor of Johnson against Bonner for the balance still due, $4,142.45. That a *fi. fa.* issued on said judgment and was transferred to J. M. Harlan and others, and was levied on the lands in Gordon county, when the complainants in this case filed a bill in Gordon superior court against W. H. Bonner, J. M. Harlan, and others, charging that all the payments made by said Bonner on said Gordon county property were made in the trust funds of complainants, and specifically alleging that the proceeds of the sale of the "Limestone Spring tract" were paid to Johnson on account of the purchase of the Gordon county lands. The bill further charged fraud and knowledge on the part of defendants that the trust funds were used by Bonner in said purchase, etc. The prayer was for an injunction, etc. Afterwards a decree was rendered on said Gordon county bill by which the defendants controlling the *fi. fa.* of Johnson *vs.* Bonner were

allowed to take a portion of the Gordon county lands in settlement of their *fi. fa.*, and the bill was dismissed as to them, but retained as to Bonner, with the right on the part of the complainants to take a decree against Bonner for the remainder of said tract in favor of complainants, which was shown to be worth $8,000.00, and the same is now in possession of the complainants.

The grounds of the motion for new trial were:

(1.) That the verdict was contrary to evidence and without evidence to support it.

(2.) The verdict was strongly and decidedly against the weight of evidence.

(3.) That the verdict was contrary to the charge of the court in this: The court charged, "If the jury believed from the testimony that at the time E. W. Holland purchased the land from W. H. Bonner, he (Holland) had notice of the fact that the land was trust property and the property of complainants, and that he paid Dennis Johnson upon the individual debts of W. H. Bonner, then it is your duty to find for the complainants the amount of money so paid to Johnson on these debts, with interest from that time."

(4.) That the court erred in charging the jury, "If the jury believe from the evidence that the complainants in this case brought a bill in Gordon superior court against W. H. Bonner and others, in which they alleged that the proceeds of the sale of the New Holland property, the purchase money paid by Holland, has gone into certain lands in Gordon county, described in said bill, and prayed that said lands should be decreed to be trust property for the use of complainants, and if the jury further believe that there was an agreement between the parties, complainants and defendants to the bill in Gordon county, by which it was provided that a certain portion of said land, to be determined by arbitrators, should be taken by the creditors of W. H. Bonner, who were the defendants to the bill, in satisfaction of their debts, and that the bill

should be dismissed as to them, but should stand as to W. H. Bonner, and the complainants should be authorized to take a decree vesting the title of the remainder of said land in Mrs. S. E. Bonner and her children, on the trusts and uses arising under the will of her father, Isaac Ramsey, and if the jury further believe that said arbitrators made an award describing the property and defining its metes and bounds, that should be taken by the creditors of W. H. Bonner, and if the award was made the judgment of the superior court of Gordon county, and the bill dismissed as to all the defendants except W. H. Bonner, and left standing as to him, then I charge you that the presumption is that the complainants in this case have taken the decree against W. H. Bonner, above mentioned, or can do so when they desire. That is a matter with which the defendants in this case have nothing to do, and one over which they can exercise no control. If any thing has intervened to prevent complainants from taking said decree, or if for any reason the pursuit of the proceeds of the sale of the New Holland property by complainants have proved fruitless or unavailing, it is incumbent on the complainants to show that fact, and if they have not done so, that they cannot recover in this case."

The two grounds mainly relied on in this court by counsel for plaintiffs in error were those as set forth in the third and fourth grounds of the motion just recited.

1. Was the verdict contrary to the charge of the court as complained of in the third ground? for this also involves the first and second grounds as being contrary to evidence and the weight of evidence. That there was a conflict in the evidence on the vital question involved, whether Holland had any notice at the time of his purchase of the "Limestone Spring Place" (now known as "New Holland") that the property was trust property, and belonged to complainants, is unquestionably true. It is true Bonner and Hicks both testify that Holland was notified of this fact and was so informed; but on the con-

trary Holland as positively denies the fact and testifies most unequivocally that he had no such notice, nor the faintest suspicion of the fact that the property was a trust and belonged to complainants, and his testimony is supported, negatively it is true, by Dennis Johnson and J. M. Harlan, who were present and heard nothing of any trust at the time, though Bonner and Hicks both say that the notice of the trust was given at that time.   Here, then, are the two witnesses in favor of the fact of notice, while three others, though present, heard nothing of it.   It must also be remembered that Bonner's credit as a witness is assailed by witnesses for want of truth, though supported by others who seek to sustain him.   When in this conflict of evidence the deeds made for the property and duly put upon record for years past negative any such trust, and the management, control, and taxes paid, all point to it as the property of W. H. Bonner, the husband, we are by no means satisfied that the verdict is against the evidence on this point, or contrary to the charge of the court as complained of in the third ground of the motion; and when in addition to this the fact is patent that Holland and Alexander paid full value, and more, according to some of the witnesses, than the property was worth, it would be strange and unnatural to believe they were doing so with a knowledge that they were buying a defective title, from one who avowed at the time, according to his testimony, "that he could not make a good title."   Such conduct is not only unnatural, but bears the stamp of improbability so patent upon its face that we are not surprised that the jury should have discredited it.

With one who is a *bona fide* purchaser for value and without notice of an equity, a court of chancery will not interfere.   But in this conflict of testimony on the subject of notice, the jury were selected to weigh and pass upon it, and we find ample reasons in this record for sustaining their verdict.

2. Neither do we find any error in the charge of the court on the subject of the evidence contained in the record from Gordon county, as complained of in the fourth ground of the motion for new trial. If these complainants, under their sworn bill filed in Gordon county, alleged that the proceeds of the sale of the New Holland place had been invested by payment in part for the Gordon county lands, and it is shown that by an agreement had under that bill with the creditors of W. H. Bonner, and with his approval, they have secured lands there worth $8,000.00 as their trust estate, or can so secure them at their pleasure, then we think, when thus they have elected to pursue these funds thus invested, and are now enjoying their fruits in Gordon county, paid for in part with the proceeds of the sale of the New Holland tract, they come with ill grace into a court of equity and seek the second time to recover the land or the money paid for the same by the defendants, and we find no error in the court instructing the jury that, under such circumstances, the complainants would not be entitled to recover. Code, §§3085, 3086, 3087.

The evidence shows the defendants paid full value for these lands now sued for ; under the evidence the jury could well find they were *bona fide* purchasers for full value and without notice. From the proceeds of the sale thus made, the evidence shows the complainants are enjoying its full benefit by the use and possession of the valuable lands in Gordon county, and we see nothing in this record that would, in our opinion, justify us in interfering with a verdict so well sustained by the evidence as well as the law and equity of the case.

Judgment affirmed.