ANDERSON *vs.* CLARK, administrator.

1. When this case was here before, it was held that, where a suit was brought in Georgia on a judgment recovered in Tennessee after the defendant had been adjudicated a bankrupt, but before his final discharge, though no plea of bankruptcy was filed or stay of proceedings asked, still the discharge in bankruptcy was a good defence to the suit in Georgia, the foreign judgment not constituting a new debt, but only a security for an old debt.

2. The effect of the grant of a new trial by this court is to require the case to be heard *de novo*, unless some specific direction be given in regard thereto; and, on the subsequent trial, new facts may be shown, making a different case, and other principles of the law may control and apply to these new facts.

3. Where, pending a suit in Tennessee, the defendant pleaded that he had been adjudicated a bankrupt and prayed a stay of proceedings, but subsequently withdrew the plea and confessed judgment, such conduct amounted to a new promise to pay and an agreement that the judgment should bind him, and precluded him, in a subsequent suit on the judgment, from making any defence which arose prior to the confession, including the defence of bankruptcy. Under such facts, the plea of bankruptcy would not avail as a defence to the suit in Georgia.

(*a.*) The character of the debt on which the suit was brought not appearing, the presumption arises that the debt was one from which the defendant knew that he could not be discharged under the bankrupt act, or that it was one so binding on his conscience as an honest and moral man, that if he acquired means, he would pay it.

(*b.*) A solemn admission *in judicio* is an estoppel everywhere and forever; and the facts stated amount to such an admission.

April 10, 1883.

Bankruptcy.    Contracts.    New Promise.    Judgments.

Estoppel. New Trial. Before Judge FAIN. Catoosa Superior Court. August Term, 1882.

This is an action brought by J. H. Anderson against Clark, administrator of J. M. Anderson, deceased, in the superior court of Catoosa county, on a judgment obtained in the chancery court of Hamilton county, Tennessee, against defendant's intestate. The following agreed statement of facts was read to the jury as evidence in the case :

" On the 12th day of April, 1873, J. H. Anderson began an action against J. M. Anderson in the chancery court of Hamilton county, Tennessee, to recover the amounts claimed to be due on certain notes. The defendant was regularly served, and the court had jurisdiction of the parties and the subject-matter of the suit. This suit was pending on the 23d day of March, 1874, when J. M. Anderson was regularly adjudicated a bankrupt on his own petition. On the —— day of April, 1874, a suggestion was made in said chancery court of the said adjudication of bankruptcy, as follows : ' In this case, the bankruptcy of respondent, J. M. Anderson, being suggested, it is ordered that said suggestion be entered of record; but as complainant desires to controvert the validity of the adjudication of bankruptcy, the parties are allowed to take proof and try the suggestion.'

"Afterwards, on the 14th day of April, 1874, said suggestion of bankruptcy was withdrawn by defendant, as follows :

" 'In this case, the parties, by their solicitors, appeared, and the suggestion of bankruptcy of J. M. Anderson, heretofore made, is withdrawn by respondent's solicitor; and thereupon, it is ordered, by consent of parties, that this cause proceed as though no bankruptcy had ever been suggested; and by consent, this cause is continued until next term, and remanded to the rules for proof generally on both sides.'

"On the 10th day of April, 1875, the said J. M. Anderson
v 70-24

filed his answer to complainant's bill, in which he responded to the merits of complainant's said suit, and did not set up any plea of bankruptcy, and did not refer to any pending bankruptcy proceedings.

" On the 12th day of April, 1875, the following final decree was rendered :

" 'Be it remembered that this cause came on to be heard before Chancellor Key, on the 12th day of April, 1875, and the respondent, J. M. Anderson, confesses judgment to the complainant for the sum of five hundred and twenty-one dollars, the amount of the notes filed as exhibits to complainant's bill, with their interest. It is, therefore, decreed by the court that complainant recover of said respondent, J. M. Anderson, the said sum of five hundred and twenty-one dollars, together with all cost of the cause not herein otherwise adjudged, for all of which execution may issue.'"

"And defendant agreed that said suit in Hamilton county, Tennessee, in which said decree was rendered, was regular in all respects, and that the decree rendered is binding and of force, unless the same is affected by the discharge in bankruptcy.

"On the 11th day of December, 1875, the defendant, J. M. Anderson, was regularly discharged by the bankrupt court, as provided by the bankrupt law, from all his provable debts."

No other evidence was submitted.

The court charged the jury : " If you find that, pending the suit in Tennessee, upon which this suit is predicated, a suggestion of bankruptcy was made by defendant, which suggestion was afterwards withdrawn by defendant, and the parties went to a trial on the merits, and afterwards the defendant in said suit confessed a judgment for the amount sued for in this case, after the adjudication in bankruptcy, a discharge thereafter obtained would not discharge the defendant from the debt on which judgment was confessed pending the bankruptcy proceedings."

The jury returned a verdict for the plaintiff, on which

judgment was rendered. The defendant moved for a new trial, on the following grounds:

(1). Because the verdict is contrary to the evidence and the law, and without sufficient evidence to support the same.

(2). Because the court erred in charging the jury as stated above.

The motion was granted, and plaintiff excepted.

McCutchen & Shumate; W. H. Payne; L. E. Bleckley, for plaintiff in error.

A. T. Hackett; R. J. McCamy, for defendant.

Jackson, Chief Justice.

1. When this case was in this court before, reported in 65 *Ga.*, 518, it was held: ' Where, to a suit brought in Georgia on a judgment rendered in Tennessee, the defendant pleaded his discharge in bankruptcy, and it appeared that he was adjudged a voluntary bankrupt pending the suit in Tennessee, but failed to plead that fact or to ask a stay of proceedings on that account, and the judgment was subsequently rendered, and he thereafter obtained his discharge, that the plea was a valid bar to a recovery; and that the Tennessee judgment did not constitute a new debt, but simply a new security for the old debt, and, of itself, had no force or effect in, Georgia.'

That decision having been rendered in this identical case, between the same parties, the administrator, Clark, having been made a party, in lieu of the deceased defendant, must stand. The case is *res adjudicata* of this case, so far as that ruling applies.

2. But the judgment then rendered, sent the case back for a new trial, and on the new trial, a different state of facts was made. The effect of the grant of the new trial, is to order the case heard *de novo*, unless some specific direction be

given by this court in regard to it, and the new facts on the new trial may make a new case, and other principles of law may control it, when applied to the new facts.   56 *Ga.*, 520 ; 15 *Ib.*, 653.

3. Two new facts appear in the case now, which vary it from the case then ruled.   First, that the adjudication of the defendant as a bankrupt and the pendency of the bankruptcy proceedings was suggested or pleaded to stay proceedings, but afterwards withdrawn; and secondly, that the defendant confessed judgment, and thus, upon a judgment confessed after the withdrawal of the plea of the adjudication of bankruptcy and the pendency of the proceedings in the bankrupt court, the suit of the plaintiff now rests.   So that the question now before us is, does the confession of a judgment, after the defendant has been adjudicated a bankrupt, and after he has withdrawn a plea to stay proceedings to await the determination of his final discharge, amount to a new promise to pay the debt ?   Or does it, in connection with the withdrawal of the plea of adjudication and pendency of proceedings to be discharged in bankruptcy, raise the presumption that the defendant's debt was of such a nature as not to be provable in bankruptcy, or such as he felt bound to pay, though bankrupt, the character of the debt not appearing in the agreed statement of facts ?

In 62 *Ga.*, 298, it was held that a mere parol promise to pay a debt, after discharge, was based on a moral obligation, and bound the bankrupt to pay it.   The case before us is a promise to pay the debt, in the most solemn form known to the law.   It is a promise *in judicio*.   It is a voluntary recognition of the debt, after the adjudication of the defendant as a bankrupt, as a debt of record.   It is not only in writing, but stamped upon the records of a court of record.   It is stronger and more solemn, as a recognition and obligation to pay the debt, than a promise under seal, or a covenant would be.   It is a recognition of the debt as valid, after the adjudication in bankruptcy, and an agree-

ment that it shall bind the defendant so strongly as to preclude him from making any defence to it which arose prior to the confession. It is an agreement that execution may issue upon the confession, and that all the property of defendant, which he may acquire afterwards, shall be seized and sold, if in Tennessee, and if in any other state of the American Union, shall be liable, whenever by it and on it, without other proof, judgment shall be rendered in such other state, and execution be issued thereon. It is a confession, made with full knowledge of his right to stay a forced judgment until his discharge, and with a plea to that effect, which would have stayed it, and eventually, after his discharge, if obtained, would have barred it forever, if provable in bankruptcy. This plea is withdrawn, and then this judgment is confessed. The legal effect of this conduct of defendant is equivalent to saying, in the presence of the court, and writing it on the records thereof: " This debt I will pay, whether I am discharged or not from it finally by a judgment of the bankrupt court. I withdraw the plea of adjudication and the pendency of my application for discharge from my debts, in this case. I except this debt from that discharge, if I obtain it, and I agree of record here, that my discharge from all other debts shall not affect my liability to pay this."

The presumption arising on these facts is overwhelming that the defendant knew that this was a debt from which he could not be discharged, under the bankrupt act, or that it was one so binding on his conscience as an honest and moral man that, if ever he acquired means, he would pay it.

A solemn admission *in judicio* is an estoppel everywhere and forever; and these facts of record amount to an admission that, for some good reason, this defendant agreed to withdraw his plea of adjudication as a bankrupt, and to confess a judgment, and not to set up the plea of bankruptcy to this debt, made by himself a debt of record.

In *Steadman vs. Lee*, 61 *Ga.*, 58, it was held that, if a

bankrupt, after his adjudication, and before his discharge, suffered a judgment to go against him, without a plea to stay proceedings until final discharge, such judgment was valid, and would bind his property, notwithstanding his discharge afterwards. Much more would it be valid if, after having pleaded the stay, he withdrew the plea and confessed judgment. It seems that Judge Hawkins misconceived the facts and force of the decision in *Steadman vs. Lee*, when this case was here before, for he says that the judgment was obtained after the discharge in bankruptcy, whereas, it was before final discharge, as in the case at bar.

So that, applying our own law to this case, the plea of the discharge in bankruptcy is not good. That the law of Tennessee, which controls, on the effect of its judgment, is fully as strong in favor of plaintiff in error, if not stronger, see Code of Tennessee, section 3107; 2 Lea, 729; 4 Baxter, 300; 2 Caldwell, 325. See, also, Revised Stat. U. S., 5106 1 Smith's Leading Cases, 793.

Judgment reversed.