ADAMS *vs.* DICKSON.

Where, pending a suit, defendant was adjudged a bankrupt, and thereafter, but before final discharge, a judgment was rendered in the suit, there having been no plea or suggestion of bankruptcy, such judgment could subject the exemption which was set apart to the bankrupt but was not exempted under the state laws.

(a.) This case distinguished from 65 *Ga.*, 624; 71 *Id.*, 71.

(b.) If a judgment be rendered by inadvertence in the state court, pending bankruptcy, whether it can be set aside on a direct proceeding for that purpose. *Quære?*

March 4, 1884.

Bankruptcy. Exemptions. Debtor and Creditor. Before Judge HUTCHINS. Franklin Superior Court. September Term, 1883.

Reported in the decision.

ALEX. S. ERWIN; W. R. LITTLE; E. N. BROYLES; MALCOLM JOHNSTON, for plaintiff in error.

W. I. PIKE; A. L. MITCHELL, for defendant.

HALL, Justice.

Pending a suit in the superior court of Franklin county, the defendant filed his petition in the district court of the United States for the northern district of Georgia, praying that he might be declared a bankrupt, and on the petition he was duly adjudged a bankrupt, and thereafter had set apart to him by that court certain property as an exemption in bankruptcy. No suggestion of the bankruptcy was made to the court in which this common law suit was pending, and a judgment was rendered therein, after the adjudication in bankruptcy, and before his final discharge. On this judgment an execution was issued, which was levied on the exempted property. No application was made to have the property thus exempted set apart under the state laws as a homestead and exemption for the ben-

efit of the defendant's family. This execution having been levied on the property exempted by the bankrupt court, an affidavit of illegality was filed to this levy, denying that the property was subject to seizure and sale under the *fi. fa.*, because it had been exempted in bankruptcy, and because he was finally discharged after the judgment in the common law suit had been rendered.

The above recited facts as to the time of the adjudication, the rendering of the judgment thereafter by the superior court, and the failure of the defendant to suggest his bankruptcy and arrest the proceedings, appearing from the affidavit of illegality, the court, upon demurrer, dismissed the same, and this judgment was assigned as error here.

In our opinion, under the repeated rulings of this court, no other result could have been reached by the court below.

After the defendant had been adjudged a bankrupt and the property was exempted, he was as perfectly at liberty to sell and dispose of it as he would have been at any time prior thereto. The only effect of his final discharge was to extinguish debts and liens existing previous to his adjudication. These could not incumber either the property exempted, or that subsequently acquired, but from this it does not follow that no charges or liens could be created upon the property, either by his contracts, or by operation of law, in consequence of debts subsequently contracted, or by the renewal of those which would, but for a promise to pay them, have been suspended by the adjudication and extinguished by the final discharge. The judgment rendered pending the proceedings in bankruptcy will not be presumed, from that fact, to be void; on the contrary, the presumption is, that the debt on which it is founded is either one from which the final discharge would not relieve the bankrupt, or that it was such as he in conscience felt bound to pay, and therefore consented to let the judgment go against him. If it was the result of inadvertence or

mistake, he might, perhaps, by a proper case made, get relief from it, by a direct proceeding in the court rendering it, to set it aside, but there was nothing before the superior court to authorize or require it to give that direction to the case, and we express no opinion upon the subject. 61 *Ga.*, 58; 64 *Id.*, 341; 65 *Id.*, 466; 61 *Id.*, 500; 60 *Id*, 533; 56 *Id.*, 559; 59 *Id.*, 763; 62 *Id.*, 298; *Anderson vs. Clark, administrator,* 70 *Ga.*, 362.

There is nothing in *Ross vs. Worsham,* 65 *Ga.*, 624, or in *Brady vs. Brady,* 71 *Ga.*, 71, in conflict with this view; in both those cases, there was an attempt to enforce a lien existing at the adjudication in bankruptcy against the exemption.   There was nothing in either of them from which a waiver from the effects of the adjudication and discharge in bankruptcy could be implied.

Every question in this case is determined by *Felker vs. Crane, Boylston & Company,* 70 *Ga.*, 484.   We there distinctly held that the title to property exempted to the bankrupt did not vest for the use of his family, unless set apart by the state law as a homestead, etc., for them, and that without this it was subject to any debt contracted after the adjudication and discharge of the bankrupt, and we carefully distinguished that case from *Ross vs. Worsham.*   That property acquired by the bankrupt, subsequent to his discharge, is not subject to one of those existing previous thereto, see 9 *Ga.*, 9; 65 *Id.*, 577.

Judgment affirmed.