# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## JANUARY TERM, 1907.

---

### 1. HUNTER *v.* LISSNER.

1. To a suit on a promissory note in a justice's court the defendant filed under oath the following plea: "That on the 22nd day of October, 1903, defendant filed his voluntary petition in bankruptcy in the district court of the United States for the southern district of Georgia, and was duly adjudged a bankrupt by said court, and now has application for discharge pending before said court; that the indebtedness sued upon was contracted and became due before the filing of said petition and said adjudication in bankruptcy; that the plaintiff was duly scheduled in said petition in bankruptcy as one of the unsecured creditors of said bankrupt, was given notice and had actual knowledge of said proceedings in bankruptcy, and appeared before the court having jurisdiction of said matter and filed proofs of claim; that said adjudication in bankruptcy and said discharge, when granted unto defendant, will release defendant from all liability upon the indebtedness sued upon in this case. Wherefore defendant prays that said suit be suspended and stayed until after said adjudication or the dismissal of defendant's said petition in bankruptcy, and until the question of his final discharge is determined; and that upon the granting of such discharge, judgment in his favor be rendered in the case." This plea was stricken by the court, upon the ground that it did not have attached thereto certified copies of the bankruptcy proceedings referred to. *Held*, that this judgment was error: (*a*) Because this plea was in the exact language of section II of the bankrupt act of 1898. (*b*) Because it was not necessary to attach to said plea "certified copies of bankruptcy proceeding" relied upon for a stay of said suit. This was a matter of proof and not pleading. (*c*) The State court in which the application for stay was properly made could not know or take judicial notice of the proceedings in bankruptcy, but the plea in this case brought before it in an appropriate manner such proceedings, and the defendant should have been given an opportunity to prove this plea; and upon such proof it is the duty of the court to stay the suit "to await the determination of the court in bankruptcy on the question of discharge," unless there is unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge.

2. The answer of the magistrate to the writ of certiorari was as follows: "The facts set forth in the defendant's petition for certiorari are substantially true and correct, in so far as came under the knowledge of respondent." *Held*, a sufficient verification of the allegations of the petition for certiorari.

Certiorari, from Glynn superior court—Judge Parker. January 19, 1906.

Argued January 8,—Decided January 11,—Rehearing denied January 24, 1907.

*A. D. Gale, Brantley & Butts,* for plaintiff in error.

*Max Isaac,* contra.

HILL, C. J.   J. J. Lissner sued R. E. Hunter on a promissory note for $50, in the justice's court for the 26th district G. M.   The defendant at the first term filed a plea under oath, asking that the suit be suspended and stayed, because of bankruptcy proceedings then pending against him, until his application for a discharge in bankruptcy, then pending in the United States district court for the southern district of Georgia, should be passed upon and determined.   This plea is fully set out in the first headnote.   Counsel for plaintiff moved to strike this plea, on the ground that it did not have attached thereto certified copies of the proceedings in the bankruptcy court referred to in said plea.   The court sustained this motion, dismissed the plea, and entered up judgment against the defendant.   This judgment of the justice's court was carried by certiorari to the superior court, and, upon a hearing of the same, the superior court dismissed the petition.   This judgment is assigned as error.

1. The judgment of the justice's court, striking and dismissing the plea, was error.   If the plea was defective because certified copies of the bankruptcy proceedings were not attached, it could have been amended on special demurrer thereto.   But we do not think it was necessary to have certified copies of the bankruptcy proceedings attached to or made a part of the plea.   The plea set out fully section II of the bankrupt act of 1898, and was sufficient and appropriate pleading to put the State court on notice of the pendency of bankruptcy proceedings and to permit proof of the averments of the plea.   This proof would be the bankruptcy proceedings referred to in the plea, properly authenticated.   Bankruptcy act, 1898, §21, subsec. d.   The production of a certified

copy of the petition in bankruptcy or of the adjudication will be enough to establish the fact that such bankruptcy proceedings are pending. - And while the State court must be informed by proper pleading of the facts, we know of no law requiring that proof of the facts must be made a part of such pleading.   United States District Judge Shiras in the well-considered case In Re Giester, 97 Fed. 322, states the following rule as applicable to section II of the act of 1898, and points out the course to be pursued in cases like that now under consideration.   "The bankrupt who is the defendant in the State court should file in court a proper pleading setting forth the pendency of the proceedings in bankruptcy, and, based thereon, should ask a stay as provided for in sec. II; and upon being thus informed of the pendency of the proceedings in bankruptcy, it will be the duty of the State court to grant the stay prayed for."   In Boynton v. Ball, 121 U. S. 457, it is said: "The State court could not know or take judicial notice of the proceedings in bankruptcy, unless they were brought before it in some appropriate manner—the State court does not thereupon lose jurisdiction of the case, but the proceedings may, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of his discharge."   The same rule is laid down by the Supreme Court of Georgia in *Rutherford* v. *Rountree,* 68 *Ga.* 722; *Howell* v. *Glover,* 65 *Ga.* 466; *Cohen* v. *Duncan,* 64 *Ga.* 341; *Steadman* v. *Lee,* 61 *Ga.* 58.

The plea being sufficient to authorize the proof of the facts therein set forth, the State court should have sustained the plea, and, upon the proof of such facts, the law required that the suit be stayed to await the determination of the court in bankruptcy on the question of the discharge.   If the bankrupt is discharged, the certificate of the discharge would be a bar to any further prosecution of the suit.   If the application for discharge is denied, the stay is at an end, and the suit proceeds to judgment.   The suit in the State court being for the collection of a debt from which a discharge would be a release, there can be no doubt that the law required that the stay asked for should have been granted until the determination of the application for discharge.   Bankrupt act, §II; In Re Giester, 97 Fed. 322; Hill v. Harding, 107 U. S. 631; Collier on Bankruptcy (4th ed.), 121, 123, 127.   This result follows whether the suit in the State court was brought before, or

after, the filing of bankruptcy proceedings.    Collier on Bankruptcy, 131; In Re Basch, 3 Am. Bank. Rep. 237.

It is insisted that the judgment of the justice's court striking the plea and dismissing the motion to stay was right, because at the time of the motion more than twelve months had elapsed since the adjudication. It does not appear when the adjudication was made, and we can not assume that it was as of the date of the filing of the petition in bankruptcy or immediately thereafter. This limitation of the continuance of the stay of suits "until twelve months after the date of such adjudication" applies to suits "pending against the person" of the bankrupt before or when the petition in bankruptcy is filed and the adjudication had. It can not reasonably apply to suits brought against the bankrupt after the petition and adjudication. Besides, the act provides that if within the twelve months after the adjudication the bankrupt makes an application for discharge, the suit shall be stayed until the question of such discharge is determined; and the allegation in this case is that an application for discharge was pending when the request to stay the suit was made to the justice's court. The object of the bankrupt law is to have an exclusive administration of a bankrupt's estate fairly and equally between all unsecured creditors. It does not permit the harassment of bankrupts, by suits for the collection of simple debts from which a discharge would be a release, until reasonable time has been given for the determination of the question of discharge. Especially is this true when the creditor has gone into the bankrupt court and proved his debt. In proper cases it allows suits for the purpose of liquidation.

2. Attack is made in this court on the verification by the magistrate of the allegations in the petition for certiorari. This verification is in the following language: "The facts set forth in the defendant's petition for certiorari are substantially true and correct, in so far as came within the knowledge of respondent." The criticism made is that it verifies the facts only "in so far as they came within the knowledge of respondent." We are not able to see how he could be expected to verify facts that did not come within his knowledge. In our opinion, the verification is sufficient; and if the judge below dismissed the certiorari on the ground that it was not sufficient, this was error.

*Judgment reversed.*