No. 59.—CHARLES E. TAYLOR, plaintiff in error, *vs.* HECTOR BUCHAN *et al.* defendants.

[1.] A demurrer will lie to a bill which has in it no equity.

In Equity, in Washington Superior Court. Decision by Judge HOLT, September Term, 1854.

Hector Buchan and Wm. O. Franklin, as judgment creditors of Morgan Brown, for themselves and other judgment creditors, filed their bill against Charles E. Taylor and the Sheriff, setting forth, that certain negroes of Brown having been levied on by certain *fi. fas.* and a claim having been interposed by Taylor, that the claimant and the levying creditors (the claim still pending) by mutual consent, took an order of the Court, that the Sheriff should sell the negroes on twelve months credit, and that the fund should abide the decision of the claim case, and by the same order the claim case was referred to the decision of arbitrators.

The Sheriff proceeded, under the rule, to advertise and sell the negroes as the property of Morgan Brown, on twelve months credit; and the arbitrators awarded that the fund should be divided, one half to the claimant, and the other half to be subject to distribution, by the Court, among the judgment creditors of Brown, and this award was made the judgment of the Court. The claimant, at the expiration of twelve months, moved a rule against the Sheriff for his half of the money; and the complainants in this bill (who were judgment creditors of Brown, but not parties to the above mentioned proceedings) filed this bill, asking an injunction against Taylor, and that the whole fund might be distributed among the judgment creditors.

To this bill a demurrer was filed for want of equity generally, and because the complainants had an adequate Common Law remedy.

The demurrer was over-ruled by the Court, and this decision is assigned as error.

L. STEPHENS, for plaintiff in error.

SCHLEY & ROCKWELL, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The money in the hands of the Sheriff either belonged to Morgan Brown, the defendant in the judgments, or it did not. If it belonged to him, as first we will assume it to have done, then it was a fund with which all of the parties to the bill were in *legal communication.* It was a fund which any of them might get at by a *rule* against the Sheriff.

These parties, considered in classes, were first, the claimant in the claim case; secondly, those judgment creditors, who, with the claimant were parties to the consent order for the sale of the negroes, and to the order making the award the judgment of the Court; thirdly, the other judgment creditors.

As to the claimant, the consent order for sale and the award made the judgment of the Court, put him in legal communication with the money, and gave him the right to demand it by a rule against the Sheriff.

As to the judgment creditors who were parties to this order and judgment, adopting the award, they, for the same reason, might have demanded the money by a rule. Besides, they had their judgment heirs.

As to the other judgment creditors, those who were no parties to the order of sale and to the judgment adopting the award, they might have demanded the money by a rule; because, on the supposition on which we are now going, the money was the money of Morgan Brown, the defendant in their judgments, and therefore their judgments had a lien on it. A judgment has a lien on all of the "property" of the defendant —and money is property. Nay more, " all judgments obtained in the Superior, Inferior or Justice's Courts of this State, shall

be entitled to the right or claim of any money received by the Sheriffs, Coroners or Constables, agreeable to the date of such judgment or judgments." *Act of* 1810 (*Pr. Dig.* 435.) The Act does not restrict the right to money "*received*" in any particular way. The right which the Act gives is to "*any* money *received.*"

These latter judgments, then, had also the right to a rule for this money. So all the parties to the bill had the right to a rule.

A rule, if taken by any of them, would have been an adequate remedy. If taken by any one of them, the Sheriff would probably have stated as a reason why he ought not to pay the money to that particular one, the existence of all the facts which are stated in this bill—on this answer, whether it should be admitted to be true in point of fact, or be traversed, all the questions involved in the bill would be *well*, and *speedily*, and *cheaply* decided. That is decided as between the Sheriff and the party bringing the rule—and that, practically, would be a decision as to all the parties concerned, for the rest would find it to their interest to govern themselves by the decision ; and indeed, would probably, beforehand, agree that the decision in the one case should be made the decision in all. Besides, as the decision, although made in but a single, case would have, almost of necessity, to cover the ground occupied by all the cases ; and it would be a pretty safe guide, if not a law to the Sheriff, as to what he ought to do in the other cases. And it is the *Sheriff* that is most concerned to know how to apply this money.

But, in truth, what reason is there why the claimants on the fund should not join in the rule and make one case of it ? There is no reason which will allow them to join in *Equity*, which will not equally as well allow them to join in a rule. In Equity, one creditor cannot *force* another to join him in a creditor's bill. If one creditor files a creditor's bill, that will not prevent another and another from filing a similar bill. Every creditor may have such a bill going on at the same time. And the *defendant* cannot prevent it, at least not until after a de-

cree has been rendered in some one of the bills. (*Stor. Eq. Sec's* 545–6–9.) If, therefore, more creditors than one join in a suit in Equity, it is because they *consent* among themselves to join. But the same sort of consent may exist as to a rule. And a rule can get along as well at the suit of *joint* parties as can a bill. If, therefore, consent is a good foundation for a joint bill in Equity, why is it not equally so for a rule? I know of no reason. The Statute of 1840 expressly gives "liberty to traverse the truth of the return or showing", and directs that "upon such traverse an issue shall be formed and tried by a Jury, as in the case of other traverses." (*Cobb's Dig.* 579.) What more than this can be done on a suit in Equity?

And, indeed, the *practice* is for all parties interested in the fund to make themselves, in some way, parties to the rule—so that, practically, a single rule settles all questions.

It appears, then, that every object which the complainants can accomplish by this bill, they could equally as well accomplish by a rule against the Sheriff. And this appearing, it appears that the complainants have a remedy at Law, and therefore have no equity in their case.

This is the conclusion to which two of the Court, Judge LUMPKIN and myself come—and the reason for that conclusion, Judge LUMPKIN and I think that there is an adequate remedy at Law, viz: a rule.

Judge STARNES comes to the same conclusion, but for a different reason. He thinks that there is no equity in the bill, but he thinks so because, in his opinion, the bill is defectively framed.

I will add, for myself, that as to *creditors' bills under the laws of Georgia*, I find a very great difficulty in getting a ground upon which they can rest at all; and that even under the law of England, as I understand it, they only lie in cases in which the debtor is an *executor* or *administrator*.

This is the result, supposing the money in the Sheriff's hands to belong to Morgan Brown, the defendant. If it does not belong to him, the *creditors*, it is true, could not reach it by a rule, but neither can they by this or any bill in Equity.

If a part belongs not to him, but to the claimant in the claim case, yet *the latter* may reach that part by a rule.

And the question, whom the money does belong to—the question, whom the money ought to be paid to—are questions of Law, and may as well be decided on a rule at Law as on a bill in Equity.

So there is no equity in the bill, and the demurrer should have been sustained.

To this conclusion come the whole—a part for one reason, the other part for another.