### Ross, administrator, *vs.* Worsham.

When in the bankrupt court an exemption is granted by the judge or register, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof.

Bankrupt. Homestead. Before Samuel Hall, Esq., Judge *pro hac vice.* Bibb Superior Court. April Term, 1880.

Reported in the decision.

Lanier & Anderson, for plaintiff in error.

Bacon & Rutherford, for defendant.

Crawford, Justice.

A mortgage *fi. fa.* having been levied upon certain land therein described, the defendant in the *fi. fa.*, who was a discharged bankrupt, claimed the same under an exemption granted him by his assignee, and insisted that it was therefore not subject to levy and sale. It was admitted that no proceedings had been taken before the ordinary under the laws of this state to obtain the said homestead

Ross, administrator, *vs.* Worsham.

exemption. The counsel for the plaintiff insisted that the setting apart of said property by the assignee was insufficient to exempt it from sale, the defendant in *fi. fa.* not having proven his debt in the bankrupt court, nor the defendant having applied for or obtained any homestead exemption by the ordinary of said property, under the laws of Georgia.

The judge below, to whom was referred the questions, both of law and of fact, held "that the claim be sustained, and that the property be adjudged not subject to the *fi. fa.*"

This ruling has been assigned as error, and the question presented for our judgment is, whether the assignee in bankruptcy can exempt such property to the bankrupt as may be allowed him by the laws of the state, or shall he be compelled to apply to the ordinary to set it apart before the same is exempt?

It is provided by the bankrupt law that all the estate, real and personal, of the bankrupt shall be conveyed to and vest in the assignee, except certain specified articles particularly mentioned, and then such other property as is exempted from levy and sale by the laws of the state in which the bankrupt has his domicil at the time of the commencement of the proceedings in bankruptcy, to an amount allowed by the constitution and laws of each state as existing in 1871, and such exemptions shall be valid against debts contracted before the adoption and passage of such state constitution and laws. And in no case shall the title of the bankrupt to the property so excepted be impaired or affected by any of the provisions of this title.

It is further provided how and by whom the exemption is to be designated and set apart to the bankrupt as his property under the fourteenth section of the act of congress, approved March the 2d, 1867. Upon the trial of this case it was conceded that this had been done. So that the question recurs whether, when this has been done, that it is a mere nullity, unless the party shall again go

before the ordinary and have his exemption exempted. We cannot see this necessity, especially when the property has been scheduled, specified, admeasured, valued and set apart as provided by the proper authority under the laws governing such matters.

Indeed, it has been ruled " that where a homestead has been duly allotted under the state law and there is no fraud in it, such allotment will be recognized and allowed. Where an allotment has not been made previous to the commencement of proceedings in bankruptcy, the homestead may be ascertained and set apart by the assignee." *In re* E. A. Vogler, 8 B. R. 135.

Besides, we think that such has been the ruling of this court upon this subject. In the case of *Bush vs. Lester*, 55 *Ga.*, 579, this court say, in referring to the effect of a discharge in bankruptcy upon land set apart to the bankrupt as exempt—in the second head-note—" The land is protected from levy and sale under the judgment, to the same extent only as it would have been protected by the homestead and exemption laws of this state, had no proceedings in bankruptcy taken place."

In sustaining the above head-note, in the opinion written by Justice BLECKLEY, he says : " What has been done by the assignee is equivalent to compliance with the state statutes in assigning homestead or claiming exemption, but has no higher validity or greater sanctity." We do not claim that what was done by the assignee has any *higher validity* or *greater sanctity*, but exactly the same, and as he says, " is equivalent to compliance with the state statutes." Nor are we left in doubt as to what he conceives to be the legal effect of such exemption, for in this same connection he says : " Exemption granted in bankruptcy resting on the state law, has precisely the same effect against prior liens as exemption granted out of bankruptcy, or by the instrumentalities appointed by the state." If, therefore, it has precisely the same legal effect, wherefore the necessity of repeating what has

already been done in bankruptcy, by the instrumentalities appointed by the state?

Nor are we to be understood as deciding any question besides that made by the record, which is that when an exemption is granted by the judge or by the register in bankruptcy, that the same is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof.

What title he takes, or what interest therein, if any, his wife and children may have, is not in this case and is therefore not decided. It is to be remembered that in this case, the debt which is the subject of the controversy was contracted after, and not before, the homestead exemptions of 1868–9, and hence involves no question of the right of exemption against a debt contracted prior to that time. Neither do we understand this judgment to be in conflict with any former ruling of this court, but recognizing as we do the superior power of congress over the subject of bankruptcy and exemption, we are not prepared to say that an exemption, though unconstitutional when allowed by state authority, may not become constitutional when allowed by an act of congress, the latter being invested with the power to enact laws upon this subject which is denied to the former. At all events, such a view would perhaps harmonize what is conflicting between the state and federal judiciary.

Judgment affirmed.