### Dozier, executor, v. Wilson.

1. Realty and personalty to the amount of $3,000 set apart as an
exemption to one adjudicated a bankrupt in July, 1877, was not
subject to levy and sale under an execution founded upon a debt
made since the constitution of 1868. As long as the bankrupt
continues to be the head of a family and entitled to the homestead
exemption under the State law, the property cannot be levied on
and sold.

2. While the amount allowed as an exemption to a bankrupt by one

State may be larger than the amount allowed by another, the uniformity of the bankrupt act consists in allowing the same exemption as is allowed by the State law ; and it is not obnoxious to art. 1, sec. 8, par. 4 of the constitution of the United States.

SIMMONS, J., not presiding, because of sickness.

January 22, 1890.

Bankruptcy. Exemptions. Executions. Constitutional law. Before Judge JENKINS. Greene superior court. March term, 1889.

Reported in the decision.

SALEM DUTCHER, E. T. WILLIAMS and C. HEARD, for plaintiff.

H. T. LEWIS, for defendant.

BLANDFORD, Justice.

The plaintiff in error recovered a judgment against Wilson, the defendant in error, in November, 1876, upon a debt made since the constitution of 1868. In July, 1877, Wilson was adjudicated a bankrupt, and certain property belonging to him, real and personal, to the amount of $3,000, as then allowed by the constitution and laws of the State as a homestead and exemption, was set apart to him by the assignee in bankruptcy. The plaintiff in error caused the execution which issued upon his judgment against Wilson, to be levied on certain property of the latter which had been thus set apart. Wilson thereupon filed his affidavit of illegality, claiming that the execution was proceeding illegally, for the reason above stated. When the case came on to be heard before the superior court, the plaintiff in error moved the court to dismiss the affidavit of illegality, which was refused, and he excepted and assigned error thereon.

1. Under the bankrupt laws of the United States, all of the property of a bankrupt which was exempted from levy and sale by the laws of the State in which the bankrupt resided, was authorized to be set apart by the

assignee in bankruptcy; and under §5045 of the revised statutes of U. S., it is declared that the same shall not be levied upon by virtue of any decree or judgment of a court of any State. And under this statute, the plaintiff in error was prohibited from having his execution levied upon the property set apart by the bankrupt court to the defendant in error. The property set apart in bankruptcy as free from the debts of the bankrupt, is the same property exempted by the laws of the State in which the bankrupt resides; and the exemption in bankruptcy has the same effect as the exemption under the laws of the State, and no more. As long as the bankrupt continues to be the head of a family, and is entitled to the homestead exemption under the laws of this State, the property cannot be levied upon and sold. And to this effect have been the rulings of this court since the passage of the bankrupt act of 1868. It is not denied in this case that if the property levied upon had been set apart as a homestead and exemption by the ordinary under the laws of the State, it would not be subject to levy under the *fi. fa.*; and this court has repeatedly decided that such an exemption under the bankrupt laws of the United States, is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof under the laws of the State. *Ross* v. *Worsham*, 65 *Ga.* 624; *Collier* v. *Simpson*, 74 *Ga.* 697; *Broach* v. *Powell*, 79 *Ga.* 79; *Barrett & Caswell* v. *Durham*, 80 *Ga.* 336.

2. It was insisted before us that the clause in the bankrupt act which allows an exemption to the extent allowed by the laws of the State in which the bankrupt resides, is unconstitutional. We might content ourselves by referring to the decisions of this court which recognize the constitutionality of the law. It would seem to us that the bankrupt act in question is a uniform law in this, that while the amount of the exemp-

tion allowed by the laws of one State to a bankrupt residing in that State, may be larger than is allowed by the laws of another State to a bankrupt residing in the latter, the law is uniform in that it allows to every bankrupt the exemption allowed by the laws of the State in which he resides. In this sense it is not obnoxious to the constitution of the United States, which declares that congress shall have power to establish uniform laws on the subject of bankruptcy throughout the United States (art. 1, sec. 8, par. 4). Code, §5226. While the amount of the exemption may not be uniform, the law is uniform, and its uniformity consists in allowing the same exemption which is allowed by the several States of the United States.

*Judgment affirmed.*