## BALTIMORE BARGAIN HOUSE *v.* BUSBY.

A debtor on his own petition was adjudicated a bankrupt, and had all of his property, consisting of a stock of merchandise, exempted in bankruptcy. The property was turned over to the bankrupt, who did not have it set apart as a homestead to him and his family in the State court. More than three years after the adjudication in bankruptcy, and after the exemption of the property in the bankruptcy court, a creditor, whose claim was listed in the bankruptcy application, brought suit on his claim. There was no plea or suggestion of bankruptcy. The suit eventuated in a judgment, and an execution based thereon was levied on the property exempted in the bankruptcy court and a claim was interposed by the bankrupt as head of the family. No discharge has been granted to the bankrupt. *Held,* that the property is subject to the fi. fa.
JULY 17, 1915.

Claim. Before Judge Walker. Lincoln superior court. July 18, 1914.

*I. T. Irvin Jr.,* for plaintiff. *C. J. Perryman,* contra.

EVANS, P. J. This is a claim case, and was tried by the judge upon an agreed statement of facts, from which the following appears: In January, 1910, J. A. Busby was adjudged a bankrupt. On April 20, 1910, the bankruptcy court set aside to him, as an allowance for a homestead exemption, certain property consisting mainly of a stock of merchandise, which exemption comprised his entire estate. The Baltimore Bargain House was listed as a creditor of the bankrupt, and duly proved its claim before the referee. No dividend was paid to creditors, and no discharge of the bankrupt has ever been granted. To the July term, 1913, of the superior court of Lincoln county the Baltimore Bargain House filed a suit against the bankrupt. No plea of any kind, nor any suggestion of bankruptcy, was filed by the defendant; and at the October term, 1913, a judgment was rendered for the plaintiff. Ex-

ecution issued from the judgment, and, on November 11, 1913, was levied on the bankrupt's stock of merchandise which had been allowed as an exemption in the bankruptcy court. No homestead was ever set aside to the bankrupt in the State court. The bankrupt, as the head of a family, filed a claim to the property. Upon these facts appearing, the court adjudged the property not subject to the fi. fa.

Under the former bankruptcy act (1867), this court distinguished the effect and operation of an adjudication in bankruptcy upon liens existing at the time of the adjudication, and those subsequently obtained pending the bankruptcy proceedings. Where the creditor's lien existed at the adjudication in bankruptcy, it was held that the allowance of an exemption by the bankruptcy court exempted the property from the operation of such lien. *Ross* v. *Worsham,* 65 *Ga.* 624; *Brady* v. *Brady,* 71 *Ga.* 71; *Dozier* v. *Wilson,* 84 *Ga.* 301 (10 S. E. 743). But where pending the suit the defendant was adjudged a bankrupt, and thereafter, but before final discharge, a judgment was rendered in the suit, there having been no plea or suggestion of bankruptcy, such judgment could subject the exemption which was set apart to the bankrupt but was not exempted under the State laws. *Adams* v. *Dickson,* 72 *Ga.* 846. After a debtor has been adjudged a bankrupt and property has been allowed him by the referee as an exemption in bankruptcy, and it has been delivered to him by the bankruptcy court, he is as much at liberty to sell and dispose of it as he would have been at any time prior thereto; or he may apply to the State court and have the exempted property set apart as a homestead. *Pincus* v. *Meinhard,* 139 *Ga.* 365 (77 S. E. 82). The adjudication in bankruptcy does not discharge the liability of the bankrupt to his creditors. Pending the bankruptcy proceedings and before discharge, he may plead to any suit pending at the time of his adjudication, or subsequently brought, a suggestion of the bankruptcy proceedings, and ask a stay in the State court until the question of his discharge has been finally determined in the bankruptcy court. He can not abandon his bankruptcy proceeding after receiving all of his property as an exemption, and defeat his creditor from pursuing that property, where he does not have the exemption allowed in the bankruptcy court set apart as a homestead in the State court. The defendant, when he was sued by his creditor, had two courses

open to him.  He could have filed a suggestion of bankruptcy and asked a stay of the proceedings, and prosecuted his bankruptcy proceedings to the obtaining of a discharge, if not in laches.  The record is silent as to whether there is a pending application for a discharge.  The bankruptcy act provides for the filing of the bankrupt's petition for a discharge at any time after the expiration of a month and before the expiration of a year from the adjudication in bankruptcy; and a petition for a discharge may be dismissed for want of prosecution, or by the bankrupt.  3 Remington on Bankruptcy, §§ 2423, 2433.  It may be that the bankrupt is not entitled to a discharge, inasmuch as about three years intervened between his adjudication and the time of the trial.  The other course was an application to the court of ordinary to have the exempted property set apart as a homestead for the benefit of his family.  He neglected to pursue either of these remedies.  It follows from what has been said that the court erred in adjudging the property not subject to the judgment.

*Judgment reversed.  All the Justices concur.*