## 14244.   ADAMS *v.* McCLENDON.

1. Pending bankruptcy proceedings and before discharge, a bankrupt "may plead to any suit pending at the time of his adjudication, or subsequently brought, a suggestion of the bankruptcy proceedings, and ask a stay in the State court until the question of his discharge has been finally determined in the bankruptcy court." *Baltimore Bargain House* v. *Busby*, 143 *Ga.* 734, 735, 736 (85 S. E. 875). Such a stay may be

granted for as long as twelve months after the adjudication. Bkcy. act, § 11 (a). But " once the discharge is granted or refused, the stay is dissolved." 1 Collier, Bkcy. (12th ed.), 301.

2. " Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the- bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months." Bkcy. act, § 14 (a), U. S. Comp. St., § 9598.

3. Where a person, on October 20, 1921, was adjudged bankrupt on his voluntary petition in the United States court, and where in November, 1921, one of his scheduled creditors filed suit against him in a justice's court for a provable debt, and where the bankruptcy petition was on May 4, 1922, dismissed by the United States court for " want of prosecution," and the bankrupt on May 22, 1922, filed a new voluntary petition, scheduling the same debt, and on July 8, 1922, filed in the justice's court a plea of bankruptcy, setting up his last adjudication and praying a stay of proceedings in the State court for twelve months, " until the final question of his discharge " could be determined in the United States court, and during the trial of the cause in July, 1922, made a motion for such stay, it was error for the justice of the peace to refuse such motion and to enter judgment against the defendant. The judge of the superior court therefore erred in overruling the defendant's certiorari showing such facts, since it can not be held as a matter of law that the naked fact of dismissal for want of prosecution of the bankrupt's petition at the time shown by the record would necessarily require the Federal court to refuse a discharge in the subsequent proceeding, and consequently the statutory stay until such question could be determined by the bankruptcy court should have been granted.

DECIDED JUNE 27, 1923.

Certiorari; from Bibb superior court — Judge Malcolm D. Jones. January 5, 1923.

*H. F. Rawls,* for plaintiff in error.   *J. P. Burnett,* contra.

JENKINS, P. J.   While in Pollet *v.* Cosel, 179 Fed. 488 (103 C. C. A. 68, 30 L. R. A. (N. S.), 1164), cited by counsel for the plaintiff in error, the United States Court of Appeals of the first circuit held that the dismissal of a voluntary petition in bankruptcy for laches on the part of the bankrupt in prosecuting the proceedings was a bar to his discharge in subsequent proceedings from debts provable in the former one, the court, referring to a ruling of the United States Supreme Court that an actual refusal of a discharge was a conclusive adjudication as to the facts upon which it was based, said:   " Where there is only a mere dismissal for want of prosecution, it is so often held that parties are not

fully estopped thereby that the language we have quoted does not necessarily apply here." The court cited three cases from other circuit courts of appeals as supporting its decision: In re Fiegenbaum, 121 Fed. 69 (57 C. C. A. 409); Kuntz v. Young, 131 Fed. 719 (65 C. C. A. 477); In re Kuffler, 151 Fed. 12 (80 C. C. A. 508). In two of these cases it appears that the bankrupt's application for a discharge in the previous proceeding had been filed and was actually or in effect refused, and in the other case it appears that the statutory limitation for filing the application in the prior proceeding had expired; and therefore the principle of res judicata applied, either by the prior express ruling, or in the latter case by necessary implication. So far as we have been able to discover, in all other Federal cases, where a discharge from debts scheduled in the prior proceeding was refused in the subsequent proceeding, it appears either that a previous ruling adverse to the bankrupt's discharge had been made, or that he had permitted the statutory time for filing his application to lapse, so that the court had lost jurisdiction or power to entertain such application. 1 Collier, Bkcy. (12th ed.), 345; In re Fahy (D. C.), 116 Fed. 239; In re Schwartz (D. C.), 248 Fed. 841; In re Pullian (D. C.), 171 Fed. 595; In re Bramlett (D. C.), 161 Fed. 588; 239 Fed. 578; In re Loughran (D. C.), 215 Fed. 271. See also *Hunter* v. *Lissner,* 1 *Ga. App.* 1, 3 (58 S. E. 54). In none of these cases save that of Pollet v. Cosel, supra, does it appear that the mere dismissal of a previous bankruptcy petition, where no application for a discharge had been filed and the statutory time therefor prior to the dismissal had not elapsed, was held to operate ipso facto as a bar to an application for discharge in a later proceeding. Upon principle that ruling appears unsound, especially in a case where, as here, less than 12 months time for filing the petition for discharge has elapsed, not only from the date of adjudication in the last proceeding, but also from the time of adjudication in the first. How and in what manner the dismissal of the bankrupt's previous petition may affect his rights in his present application for a discharge, is a matter for determination by the bankrupt court; all that is here held being that, under the facts shown by the record, it does not appear that the bankrupt court must necessarily decline to grant a discharge as to the claim sued on.

*Judgment reversed. Stephens and Bell, JJ., concur.*