22225. FERGUSON *v.* CONVERSE COMPANY.

DECIDED JUNE 14, 1932.

*Linton S. James, Clifford M. James,* for plaintiff in error.
*Ralph E. Bradford,* contra.

LUKE, J. In her petition for certiorari Mrs. C. W. (Janet) Ferguson showed the following facts: That on November 9, 1927, A. Converse Company obtained a judgment against petitioner for $54, interest, and costs in the court of a justice of the peace of Lowndes County, Georgia; that on March 16, 1931, the judgment creditor filed garnishment proceedings in the municipal court of Atlanta, and served a summons of garnishment on Davison-Paxon Company; that on March 19, 1931, the judgment debtor gave a dissolution bond in the municipal court, and on April 20, 1931, a second dissolution bond; that the judgment debtor filed a plea of bankruptcy to the said garnishment proceedings, and on April 29, 1931, the issue thereon came on to be heard before Hon. A. L. Etheridge, one of the judges of said court; that evidence was introduced showing that the defendant was adjudicated a bankrupt on July 21, 1930; that the debt of A. Converse Company was not scheduled until March 19, 1931, and then by an amendment allowed by Hon. E. Marvin Underwood, judge of the United States district court for the northern district of Georgia; that thereupon Judge

Etheridge passed an order granting a stay of proceedings for a period of twelve months and until the further order of the court; that a motion for a new trial made by the judgment creditor was denied; that an appeal was taken to the appellate division of the municipal court whereby the order of Judge Etheridge was reversed; and that the petitioner alleges error in the latter judgment of the appellate division. On the hearing of the petition for certiorari the superior court overruled and denied the same, with costs against petitioner; and exception was taken to the latter judgment, on the ground that the same is contrary to law.

Upon the facts stated, the plaintiff in error contends that the learned judge of the superior court erred in overruling the certiorari, for the reason that it was within the jurisdiction of the United States district court to permit the bankrupt to amend her schedule of debts so as to make her judgment creditor a party to the bankrupt proceedings, with the right to make proof of claims; and that in these circumstances it was proper for the municipal court to stay the garnishment proceedings, pending the proceedings in bankruptcy and the adjudication of the bankrupt's right to a discharge. On the other hand, the defendant in error contends that, notwithstanding the action of the United States district court in the premises, the judgment creditor has the right to proceed with the garnishment, for the reason that the amendment of the schedule was not allowed until the right of the judgment creditor to participate in the distribution of the estate of the bankrupt was barred under the provision of section 57-N of the national bankruptcy act, which prescribes a limitation period of six months, after adjudication of bankruptcy, for the filing of proofs of claims, and under section 17, which provides that the final discharge of the bankrupt can not operate as a release of a claim that has not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless the creditor has notice or actual knowledge of the proceedings in bankruptcy; and that "there are numerous cases holding that no court has discretion to permit a claim to be filed after the expiration of the period specified in section 57-N of the bankruptcy act of 1898, and amendments thereto."

Clearly, as we think, this court can not pass upon the question whether or not the United States district court has any discretion

to permit a claim to be filed after the expiration of the prescribed period referred to; nor do we think that the learned appellate division of the municipal court of Atlanta, in reversing the order of Judge Etheridge whereby the garnishment proceedings were stayed, or the learned judge of the superior court of Fulton county, in denying the petition for certiorari, and thus in effect deciding that question, had any right to do so. There seems to be no question that the United States district court, sitting as a court of bankruptcy, had jurisdiction of both the parties and the subject-matter of the pending controversy. If any error was committed by the United States district court, then certainly the remedy should be pursued in the case in the same forum in which the error was committed, and not in one that is separate and distinct. It is the recognized practice in the State courts to stay proceedings pending in those courts in all cases wherein pleas of bankruptcy are properly filed, at least until the question of the bankrupt's right to a discharge has been determined. If such a discharge is granted and is properly pleaded, then the question whether the discharge operates as a release of the obligation may properly be determined. But that is an entirely different question. Here we are asked to decide the question whether or not the United States district court, in a pending bankruptcy proceeding, of which it has exclusive jurisdiction, has any discretion to permit the bankrupt to amend a schedule of debts. We hold that our State courts are wholly without jurisdiction in such a case, and, therefore, that the superior court erred in overruling and denying the certiorari in this case.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*