## 22311. Brady *v.* Shouse.

Broyles, C. J. 1. Under the bankruptcy act of July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), providing that the judge shall hear the application for discharge and any proofs and pleas in opposition thereto, and discharge the bankrupt unless he has been granted a discharge in voluntary proceedings within six years, the six years are measured backward from the date of *the filing of the application for discharge.* In re Dunphy, 206 Fed. 680; In re Ziskin, 40 Fed. (2d) 429. Under this ruling and the facts of the instant case, the bankrupt did not file his application for a second discharge within six years of the date of his previous discharge.

2. It is for the United States courts, and not for the State courts, to determine whether a bankrupt is entitled to a discharge in bankruptcy; and where in a State court a bankrupt, pending the bankruptcy proceedings and before his discharge, is sued for a debt, and pleads his bankruptcy adjudication and alleges that the plaintiff's claim was duly scheduled in the bankruptcy petition, and prays for a stay of the proceedings in the State court until the question of his discharge has been finally determined in the Federal court, it is error for the judge to strike the plea

on general demurrer and to direct a verdict for the plaintiff. *Hunter* v. *Lissner*, 1 *Ga. App.* 1 (58 S. E. 54), and cit.; *Baltimore Bargain House* v. *Busby*, 143 *Ga.* 734 (85 S. E. 875); *Adams* v. *McClendon*, 30 *Ga. App.* 559 (118 S. E. 497); *Ferguson* v. *Converse Co.*, 45 *Ga. App.* 305 (164 S. E. 449).

3. In view of the foregoing rulings and the facts of this case, the judge of the superior court properly sustained the certiorari sued out by the bankrupt, and remanded the case to the trial court with an order that the suit be stayed until the question of the bankrupt's discharge be determined by the Federal court.

*Judgment affirmed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932. REHEARING DENIED OCTOBER 1, 1932.

*John J. McCreary,* for plaintiff.
*E. F. Goodrum,* for defendant.