*Thomas E. McLemore, Joe F. Watkins,* contra.

### 22205. SHOUSE *v.* GOBER *et al.*

DECIDED JANUARY 7, 1933.

*E. F. Goodrum,* for plaintiff in error.

*J. P. Burnett, R. W. West,* contra.

SUTTON, J. On January 24, 1931, there came into the hands of the clerk of the municipal court of Macon certain funds of Shouse by virtue of a garnishment proceeding instituted by Bloodworth on a judgment and fi. fa. against Shouse. This judgment and fi. fa. was paid off by the clerk and there remained in his hands of this fund $99.34. Gober filed a petition in that court setting up

that the clerk thereof had in his possession the above sum, that he had obtained a judgment and fi. fa. against Shouse for $27.05, and that the clerk had failed and refused, upon demand being made upon him, to satisfy the judgment and fi. fa. out of these funds. Gober prayed that the clerk be ordered to show cause why he should not satisfy the judgment and fi. fa. out of these funds. The judge of that court ordered the clerk to show cause why he should not satisfy the judgment of Gober out of these funds. The clerk answered the rule of Gober and stated that he had on hand these funds, but set up that Shouse was adjudicated a bankrupt in the United States district court for the middle district of Georgia on December 5, 1930, and had scheduled the judgment and debt of Gober, and was claiming that the debt and judgment were dischargeable in bankruptcy, and that the clerk made no claim against the funds, and prayed that the court give him direction as to the payment of these funds. Sapp, as administrator of Godfree, deceased, filed a petition and set up that his decedent obtained a judgment for $47.74 against Shouse, which was not satisfied, and that he held the judgment and fi. fa., and prayed that he be allowed to intervene in this money-rule proceeding, and that the clerk be required to satisfy the judgment of his decedent out of these funds. Sapp was allowed to intervene in the proceeding. Shouse intervened and filed two pleas of bankruptcy, setting up that these judgments were dischargeable in bankruptcy and were duly scheduled by him in his bankruptcy petition, and prayed the court to stay further proceedings on this rule against the clerk until his discharge in bankruptcy. On the hearing it appeared that Shouse had been adjudicated a bankrupt on June 29, 1925, and obtained his discharge as such on October 16, 1925. Thereupon the court held that the judgments were not dischargeable in bankruptcy, Shouse having been previously adjudicated a bankrupt and discharged as such within six years of the present adjudication, and refused to stay the proceedings, but made the rule absolute against the clerk as to both judgments by two separate orders. Thereupon Shouse filed his petition for certiorari to the superior court, the same was dismissed, and to this judgment he excepts.

■ The defendants in error moved to dismiss the bill of exceptions in this case, upon the ground that the plaintiff in error sued out one bill of exceptions to the dismissal of his petition for cer-

tiorari, thereby attempting by one petition for certiorari and one bill of exceptions to review two final judgments in two separate cases. It is true that "Where two cases against the same defendant, and in favor of different plaintiffs, who have no privity of interest of any sort between them, are by consent of the parties tried together before an inferior judicatory, the judge of the superior court can not entertain jurisdiction over the cases by one petition for certiorari complaining of the verdict in favor of each plaintiff; and this court has no jurisdiction in such a case brought here by one writ of error complaining of the judgment of the court below overruling the petition for certiorari." *Haralson County* v. *Pittman,* 105 *Ga.* 513 (31 S. E. 183) ; and see *Patterson* v. *Hendrix,* 72 *Ga.* 204; *Hicks* v. *Walker,* 105 *Ga.* 480 (30 S. E. 383) ; *Western Assurance Co.* v. *Way,* 98 *Ga.* 746 (27 S. E. 167). This court has approved the principle laid down by these decisions. *Askew* v. *Powell,* 30 *Ga. App.* 244 (117 S. E. 769) ; *Johnson* v. *Lock,* 35 *Ga. App.* 587 (134 S. E. 197). But we do not think that this principle is applicable in this case. The money-rule proceeding was one case brought by one judgment creditor against the clerk, to which the other judgment creditor of the defendant in fi. fa. properly intervened, and to which the defendant properly intervened, setting up that the judgment debts were dischargeable in bankruptcy and the funds in the hands of the clerk were not subject to the judgments, and asked that the money-rule proceeding be stayed pending his discharge in bankruptcy. Civil Code (1910), § 5348; *Taylor* v. *Johnson,* 17 *Ga.* 522; *Taylor* v. *Buchan,* 16 *Ga.* 541. The fact that the judge before whom the money-rule proceeding was tried, in refusing to stay the proceeding and making the rule absolute as to both judgment creditors entered two separate orders requiring the clerk to pay each judgment creditor out of these funds, would not render the money-rule proceeding two separate and distinct cases and the two orders two such separate and distinct judgments as to make the case fall within the principle of the decisions first above cited, even though the defendant in his petition for certiorari specifically assigns error upon each of the orders or judgments of the court, as well as upon the refusal of the court to stay the proceedings. *Burns* v. *Horkan,* 126 *Ga.* 161 (54 S. E. 946) ; *Moore* v. *Adams,* 153 *Ga.* 709, 712 (113 S. E. 383, 23 A. L. R. 925). It follows that the motion to dismiss the bill

of exceptions upon the ground stated is not well taken, and therefore it is denied.

■ The ruling in the second headnote does not require elaboration.

■ Did the judge of the municipal court of Macon err when he refused to stay the money-rule proceeding on the pleas of the defendant that he had been adjudicated a bankrupt and that the judgment debts with which the creditors were seeking the funds in the hands of the clerk were dischargeable in bankruptcy? As was said by this court in *Ferguson* v. *Converse Co.*, 45 *Ga. App.* 305 (164 S. E. 449), "It is the recognized practice in the State courts to stay proceeding pending in those courts in all cases wherein pleas of bankruptcy are properly filed, at least until the question of the bankrupt's right to a discharge has been determined." Pending a bankruptcy proceeding and before the discharge, a bankrupt may plead to any suit pending at the time of his adjudication, or subsequently brought, a suggestion of the bankruptcy, and ask a stay in the State court until the question of his discharge has been finally determined in the Federal court. *Baltimore Bargain House* v. *Busby,* 143 *Ga.* 734 (85 S. E. 875), et seq; *Adams* v. *McLendon,* 30 *Ga. App.* 559 (118 S. E. 497). It is for the United States courts, and not the State courts, to determine whether a bankrupt is entitled to a discharge or not; and where in a State court, pending the bankruptcy proceedings, a money-rule is brought against the clerk of the State court, asking that certain money of the bankrupt in the hands of the clerk by virtue of garnishment proceedings instituted after the adjudication of the defendant as a bankrupt be applied to the settlement of a judgment debt, and the bankrupt pleads the adjudication and alleges that the judgment debt was duly scheduled and is dischargeable in bankruptcy, and prays for a stay of the proceedings on the money-rule until the question of his discharge has been finally determined in the Federal court, it is error for the court to refuse to stay such proceedings. *Brady* v. *Shouse,* supra. It follows that the judge of the superior court erred in dismissing the bankrupt's petition for certiorari, which complained of the action of the trial court in refusing to stay the proceedings pending the bankruptcy proceedings.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*