## NELSON *v.* BRANNON.

ATKINSON, Justice. 1. A discharge in bankruptcy extinguishes the right of a creditor (who has notice of the bankruptcy proceedings) to enforce against the bankrupt collection of any debt existing at the time of the filing of the petition in bankruptcy, where such debt is provable in bankruptcy and does not fall within the classes excepted by the bankruptcy act as not being dischargeable. Pending the bankruptcy proceeding the creditor can not maintain a suit at law against the debtor to obtain a judgment against him in personam. *Bowen* v. *Keller*, 130 *Ga.* 31, 32 (60 S. E. 174, 124 Am. St. R. 164). Where the claim of a creditor is of the character just mentioned, and is evidenced by a promissory note in which the debtor waives his exemption of homestead, the debtor is estopped by his waiver to claim an exemption as against the creditor, and the latter has a remedy in a court of equity to obtain a judgment in rem against the exempted property, subjecting it to his claim; and where the property is of personalty of a perishable nature, or such that it will be destroyed in the use, the court may enjoin the debtor from disposing of the property, and appoint a receiver to take charge of it until a judgment in rem can be obtained. *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150). Applying these principles, in so far as the court overruled the demurrer, there was no error in the judgment.

2. On the pleadings and the evidence the judge did not abuse his discretion in granting an interlocutory injunction and appointing a receiver. *Judgment affirmed. All the Justices concur.*

No. 10831. MARCH 19, 1936.

*M. B. Eubanks,* for plaintiff in error.   *H. L. Lanham,* contra.