25185. JOHNSON *v.* BOLTON, administratrix.

DECIDED JUNE 19, 1936.

*John C. Houston,* for plaintiff in error.
*Pemberton & W. J. Cooley,* contra.

STEPHENS, J. On November 13, 1933, Mrs. J. V. Bolton, as administratrix, sued H. M. Johnson for a balance due on a promissory note. On November 20, 1933, the defendant answered, denying part of the alleged indebtedness. On August 30, 1934, the defendant filed a petition for a stay of proceedings, alleging that he had filed, in the district court of the United States for the Northern District of Georgia, an application for compositions and extensions of his debts, as provided by the acts of Congress of

March 3, 1933, and June 28, 1934, which acts provide that suits filed can not be maintained against any farmer except by the order of the judge of the district court. In support of this petition for stay the defendant presented to the court a certified copy of his petition in bankruptcy under the acts of Congress of March 3, 1933, and June 28, 1934, and the order of the judge of the United States district court approving it and ordering it to be referred to the conciliation commissioner for further proceedings. This petition alleged that he was a farmer living on a certain tract of land, and that he was being sued in the superior court of Gwinnett County for a balance due on the purchase-money of the land. The conciliation commissioner testified that the petition in the United States court had been referred to him, was pending before him, and had not been disposed of; that he had the original papers on which he had had no hearing; that he had granted the defendant time to apply for a loan from the Federal Land Bank of Columbia and the land bank commissioner, so that he could make a definite order of settlement. The court refused to grant the motion for a stay of the suit in the superior court, and directed a verdict for the plaintiff for the amount sued for. These judgments were excepted to. The bill of exceptions was sent to the Supreme Court, which transferred it to this court on the ground that the application to stay the proceedings in the superior court was in substance a motion to continue the case pending the hearing and adjudication of the petition in the United States district court, and that the Supreme Court did not have jurisdiction of the writ of error. The question for decision is whether the superior court erred in refusing to grant an order staying the proceedings.

It appears without dispute that the defendant, plaintiff in error, had a petition pending in the United States court, under section 75 of the bankruptcy act as amended by the acts of Congress of March 3, 1933, and June 28, 1934. The act of March 3 provides that in proceedings under this section "the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed." The act further provides, that, except upon petition made to and granted by the judge after

hearing and report by the conciliation commissioner, proceedings for any demand, debt, or account, or for foreclosure of a mortgage on land, etc., "shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court." 47 U. S. Statutes at Large, part 1, p. 1473 (n, o). The refusal to stay or continue the case, and proceeding to judgment, was clearly contrary to the foregoing provisions. It can not be justified on the ground that one continuance or more had been granted. Nor can the court adjudicate that the petitioner in bankruptcy was not prosecuting that proceeding with diligence or in good faith. The creditor's remedy in such case would be to obtain a dismissal in the bankruptcy court. See In re Samuelson, 8 Fed. Sup. 473; In re McMurray, 8 Fed. Sup. 449. These two cases involved some of the provisions of the act of Congress of June 28, 1934, which has since been held unconstitutional by the Supreme Court of the United States. Louisville Joint Stock Land Bank v. Radford, 295 U. S. 555 (55 Sup. Ct. 854, 79 L. ed. 1593, 97 A. L. R. 1106). The Frazier-Lemke act undertook to add sub-section (s) to sec. 75 of the act of March 3, 1933, and was nullified by the decision cited. The case at bar does not involve the Frazier-Lemke act. It has been held in several cases that the courts of this State should suspend action while the defendant is in the throes of bankruptcy. *Ferguson* v. *Converse Co.*, 45 *Ga. App.* 305 (164 S. E. 449); *Brady* v. *Shouse*, 45 *Ga. App.* 644 (165 S. E. 836); *Hartsfield Co.* v. *Newlin*, 49 *Ga. App.* 546 (176 S. E. 516). The principle of these decisions applies to the present case.

The court having erroneously refused to grant an order staying the proceedings, the subsequent proceedings were nugatory, and the verdict and judgment must be set aside. *Webb* v. *Carpenter*, 168 *Ga.* 398 (148 S. E. 80).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*