## 25096. SAINT JOHN v. JOHNSON.

DECIDED JULY 9, 1936. REHEARING DENIED JULY 24, 1936.

*William A. McClain, William T. Woolf,* for plaintiff in error.
*Butler, McCollister & Thompson,* contra.

BROYLES, C. J. On November 19, 1934, W. L. Johnson filed in the municipal court of Atlanta a suit against David L. St. John on a series of promissory notes. On November 26, 1934, the defendant filed his answer, to which the plaintiff demurred. On December 12, 1934, the defendant filed a plea of bankruptcy. On April 19, 1935, during the trial of the case, the defendant filed an amendment to his bankruptcy plea. The court overruled the plaintiff's general demurrer to the answer, and subsequently, on the trial, overruled the defendant's plea of bankruptcy, to which latter judgment the defendant excepted pendente lite, and now assigns error thereon in his bill of exceptions. The case proceeded to judgment in favor of the plaintiff. The defendant's motion for new trial was overruled, and the appellate division of the municipal court affirmed that judgment. On this ruling of the appellate division the defendant assigns error. The defendant's bankruptcy plea as amended alleges that on December 12, 1934, he filed a voluntary petition in bankruptcy, that he will apply for a discharge, that the indebtedness sued for was incurred before the filing of his petition in bankruptcy; that the plaintiff's debt was scheduled, and he was given due notice as an unsecured creditor, that a discharge in bankruptcy when granted will release the defendant from liability on the debt sued for; and that funds impounded through garnishment proceedings in this case, in the sum of $52.89, are listed as assets in the defendant's bankruptcy proceedings. He prays that all proceedings in this case be stayed and abated until the assets impounded by the plaintiff have been administered by the bankruptcy court, and that upon the granting of discharge in bankruptcy judgment be rendered in favor of the defendant. On

the trial it was stipulated that the bankruptcy petition was filed by the defendant on December 12, 1934; that the bankrupt was previously discharged on July 15, 1931; that an order was passed on April 11, 1935, by the United States district judge, that the present petition in bankruptcy be not dismissed and the adjudication be not vacated, but "that a discharge in bankruptcy can not be obtained in these proceedings; and if application for discharge should be filed, the same will be denied."

It is for the United States courts, and not for the State courts, to determine whether a bankrupt is entitled to a discharge; and where a debtor pleads his bankruptcy and asks for a stay of proceedings in a State court, the stay should be granted until the question of his discharge has been *finally* determined in the Federal court. *Brady* v. *Shouse,* 45 *Ga. App.* 644 (165 S. E. 836); *Adams* v. *McLendon,* 30 *Ga. App.* 559 (118 S. E. 497); *Carter* v. *Bassett,* 31 *Ga. App.* 58 (119 S. E. 456); *Portwood* v. *Shafer,* 33 *Ga. App.* 421 (126 S. E. 556); *Shouse* v. *Gober,* 46 *Ga. App.* 231 (3) (167 S. E. 316); *Nelson* v. *Brannon,* 182 *Ga.* 195 (184 S. E. 870). Therefore the only question for this court to determine in the instant case is whether the aforesaid order of the United States district judge *finally* determined the question of the bankrupt's discharge. It will be noted that the order provides that *if* application for discharge *should be* filed, the same *will be* denied. This language shows that no application for discharge had been filed; and the defendant's plea for a stay alleged that the defendant *will* apply for discharge before the United States court. We can not say what the United States court will *finally* determine when an application for discharge is filed. The matter is still in the ·breast of that court. The pendency of the bankruptcy matter is further shown by the provision in the order that "the petition in bankruptcy be not dismissed and the adjudication be not vacated." Under the foregoing authority and the facts of the instant case, we can not say that the order of the United States judge constituted a *final* determination of the question of the defendant's discharge in bankruptcy. It not appearing that the question of the defendant's discharge in bankruptcy had been "finally" determined in the Federal court, the trial judge erred in overruling the plea of bankruptcy, in denying a stay of the proceedings, and in overruling the motion for new trial; and the judgment of the appellate divi-

sion of the municipal court, affirming the judgment of the trial judge, is *Reversed. MacIntyre and Guerry, JJ., concur.*