## 26449. RAMEY *v.* McCoy.

FELTON, J. Jurisdiction of a State-court receivership, based on a judgment on a note and security deed, is not superseded by jurisdiction of a bankruptcy court arising out of proceedings commenced over four months later. In re Watts, 190 U. S. 1 (23 Sup. Ct. 718, 47 L. ed. 933) ; Stellwagen *v.* Clum, 245 U. S. 605 (38 Sup. Ct. 215, 62 L. ed. 507) ; Straton *v.* New, 283 U. S. 318 (51 Sup. Ct. 465, 75 L. ed. 1060) ; In re Marts, 38 F. (2d) 283 (15 Am. Bankr. R. (N. S.) 293) ; Griffin *v.* Lenhart, 266 Fed. 671; *Parks* v. *Baldwin*, 123 *Ga.* 869 (51 S. E. 722) ; *Reed* v. *Equitable Trust Co.*, 115 *Ga.* 780 (42 S. E. 102). This is true as to a petition under the Frazier-Lemke act of 1935, wherein it is specifically provided that the jurisdiction and powers of the courts with reference to such petition and parties and rights involved shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication entered. U. S. C. A. title 11, § 203 (n). The

cases of *Johnson* v. *Bolton*, 53 *Ga. App.* 568 (186 S. E. 589), and *Saint John* v. *Johnson*, 54 *Ga. App.* 87 (187 S. E. 134), did not involve situations where a State-court receiver had obtained jurisdiction of res based on lien. It was accordingly not error for the judge of the superior court to deny an application of one who had filed a petition under the Frazier-Lemke act of 1935, to stay the State-court receivership proceedings.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

DECIDED OCTOBER 15, 1937. REHEARING DENIED NOVEMBER 26, 1937.

*Robert McMillan,* for plaintiff.
*Bynum & Frankum,* for defendant.