WALTERS *et al. v.* SUAREZ.

No. 12769. MAY 10, 1939. REHEARING DENIED JUNE 17, 1939.

*R. J. Bacon* and *E. L. Smith,* for plaintiffs in error.
*Bennet & Peacock* and *F. W. Lagerquist,* contra.

GRICE, Justice. ■ A question of primary importance is, did the will create a vested remainder in the children of testator? If it did, then Mrs. Suarez, who was in life at the date of the death of the testator, but whose death preceded that of the life-tenant, acquired an interest in the property which passed by inheritance to her sole heir at law, the defendant in error. After giving to his wife a life-estate, the eighth item of the will declared: "At the death of my said wife, all of my estate is to vest in my heirs as determined by the laws of Georgia." It is the insistence of plaintiffs in error that under this language the time fixed by the will for the determination of who are the heirs of the testator is "at the death of my said wife," and therefore that the remainder was contingent and that his heirs who are entitled to the estate in remainder are those who were living at the time of the death of his wife. The contention of the defendant in error is that the vesting referred to in item eight had reference to the vesting of the possession and not of the title. It is recognized that in certain instances the vesting may refer to the one or to the other. *Sumpter* v. *Carter*, 115 *Ga.* 893, 898 (42 S. E. 324, 60 L. R. A. 274); *Crawley* v. *Kendrick*, 122 *Ga.* 183, 186 (50 S. E. 41, 2 Ann. Cas. 643). In item six of the will it is provided that "If my executors, hereinafter named and appointed, desire to advance any of my children or representatives of children a part of my estate, they are authorized to do so after the payment of my debts. Such advancements are to be charged to the interest of such beneficiary in my estate, to be accounted for in the final division of my estate, by such beneficiary. The amount so advanced must not exceed the proportionate share of such beneficiary in my estate." The words employed by the testator in this item disclose an intent on his part that each of his children should have, from the time the will took effect, i. e., the death of the testator, and before the vesting of the possession of the remainder, i. e., the date of the death of the life-tenant, a present interest in the remainder which would be available and which could be used by the remaindermen. The language here used furnishes an impelling argument in favor of the construction which would treat the remainder as a vested one. The law favors the vesting of remainders in all cases of doubt. Code, § 85-708. "As a general rule, when there is a devise to a class, the members of the class are to be ascertained upon the death of the

testator, as the will takes effect on that date. In a devise to children as a class by way of remainder, children in esse at the death of the testator take vested interests." *Irvin* v. *Porterfield,* 126 *Ga.* 729, 732 (55 S. E. 946) ; *Tate* v. *Tate,* 160 *Ga.* 449 (128 S. E. 393). This same will was involved in *Walters* v. *Walters,* 163 *Ga.* 884 (137 S. E. 380), though in that case the parties were not the same as in this. There the court found it unnecessary to construe the will; and the question whether the remainder interests were mere contingencies, or vested remainders, was not passed on. In a special concurrence, however, by Hines, Justice, in which Justice Atkinson concurred, the character of the remainders was discussed at some length, and the conclusion reached that the remainders were vested. We so hold in this case.

■ Did the petition set forth a cause of action? We will not repeat what is set forth in the preceding statement. The plaintiff, a distributee of an estate in the hands of an executor alleged to be insolvent and without bond, alleges facts which show waste and mismanagement, and a situation is presented where he would be remediless unless granted the relief which a court of equity alone can grant. He is a party interested in the estate, and alleges facts showing danger of loss, thus bringing himself within the exception mentioned in the Code, § 37-403, which lays down the general rule that equity will not interfere with the regular administration of estates, except in certain instances. But it is said that there is no positively asserted allegation in the petition that the executor is insolvent. We are of the opinion that it contains what is in effect an unequivocal statement to that effect. We refer to the following allegations in the petition: "Plaintiff says that said J. Hilsman Walters is insolvent, and has no property which can be reached by process of court." In *Bowers* v. *Dolen,* 187 *Ga.* 653 (1 S. E. 2d, 734), it was said: "True it is that the plaintiff charged only upon information and belief that the defendant knew that Katherine A. Dolen was not in life at the time he made the tax returns in her name, but this was nevertheless an averment of actual knowledge on his part, and for the purpose of demurrer the averment is not qualified or weakened by the circumstance that it was made only upon information and belief. It is still a positive allegation, which the plaintiff in effect declares himself willing to make because of claimed information and belief regarding the mat-

ter. There is an important difference between this form of allegation and one in which the plaintiff merely alleges that he has been informed and believes thus and so. In the latter case there is only a statement of information and belief, which does not amount to a positive allegation of fact itself. 'The pleader must allege the fact on information and belief, and not that he is informed and believes that the fact exists.' 21 C. J. 395, § 410; *Nance* v. *Daniel*, 183 *Ga.* 538, 543 (189 S. E. 21)."

■ The complainant seeks in this suit to preserve two separate rights, to wit, his right as a distributee of an estate in the hands of an executor, and another right as a creditor of the executor, who is also a distributee of the estate. These rights are closely connected. The petition sets forth that if equity stretches forth its hand to preserve from waste this estate, it will serve petitioner in two ways. His distributive share will be salvaged; in addition the share of J. Hilsman Walters will be preserved and made available for the payment of his debt to petitioner. Under the facts set forth, a garnishment against J. Hilsman Walters' interest would be ineffective, for the reason that the garnishee, J. Hilsman Walters, the executor, is not under bond and is insolvent, so that a judgment against the garnishee executor would be fruitless. Left to pursue his ordinary remedies against J. Hilsman Walters personally, the petitioner would be helpless; but if equity will assume jurisdiction, he can be afforded relief. In such a situation the same person may be made a defendant in both his individual and representative capacities, and relief be prayed against him in both capacities, without subjecting the suit to the criticism that there is misjoinder of parties, or for multifariousness. In *Lawson* v. *Virgin*, 21 *Ga.* 356, it was ruled: "When it is admitted that a debtor is utterly, hopelessly, and irretrievably insolvent, and that the only means of obtaining payment is by the appropriation of his interest in a deceased ancestor's estate, and that this remedy will be unavailing unless the administrator is enjoined from settling with the debtor and paying over to him his distributee share, chancery will interfere and grant an injunction, notwithstanding no judgment at law has been established." For other authorities supporting the right of the plaintiff to the relief sought, see *Ramey* v. *McCoy*, 183 *Ga.* 616, 633 (189 S. E. 44) ; *Orton* v. *Madden*, 75 *Ga.* 83 (3) ; *Nelson* v. *Brannon*, 182 *Ga.* 195 (184 S. E. 870) ; *Bell* v.

*Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150) ; *Rosenthal* v. *Langley,* 180 *Ga.* 253 (179 S. E. 383, 100 A. L. R. 45) ; *Hermann* v. *Mobley,* 172 *Ga.* 380 (158 S. E. 38) ; *Wolfe* v. *Claflin,* 81 *Ga.* 64 (6 S. E. 599) ; *Albany & Renssellaer Iron Co.* v. *Southern Agricultural Works,* 76 *Ga.* 135 (3) (2 Am. St. R. 26).

■ There are special demurrers covering 18 pages, divided into 58 grounds, many of the grounds being subdivided into several lettered paragraphs. Nearly all of them attack alleged structural defects in the petition, and the only reference to them in the brief of the plaintiffs in error is as follows: "The special demurrers are full and lengthy, and raise questions of pleading that we are insisting upon as to each of the questions raised." It would serve no useful purpose to set forth in detail these special demurrers. They have been examined and considered, and they afford no ground for reversal.     *Judgment affirmed. All the Justices concur.*