## ATLANTA FLOORING & INSULATION CO., Inc., et al. v. OBERDORFER INS. AGENCY et al.

### No. 10626.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1943.

O. C. Hancock, C. R. Wheeless, and Wm. A. Fuller, all of Atlanta, Ga., for appellants.

Benton E. Gaines, J. Kurt Holland, and Jos. J. Fine, all of Atlanta, Ga., for appellees.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The receiver in Bankruptcy of the estate of S. Yoshinuma, bankrupt, appeals from a denial of his petition for a turn-over order to be directed to a Georgia State Court receiver. It presents the single question whether the referee as Special Master and the district judge were right in holding that the "bankruptcy proceeding having been instituted more than four months after the filing of the bill in the state court, its appointment of the receiver and his taking possession of the res in controversy, the state court is entitled to retain jurisdiction and to administer the estate". This is the record:

Oberdorfer Insurance Agency, a judgment lien creditor of S. Yoshinuma, on May 13, 1942, filed an equitable petition in Fulton Superior Court for the enforcement of its judgment, alleging, among other things, insolvency and that it was necessary for it to proceed in equity, and asking for the appointment of a receiver. On the same day, appellee Russell was appointed by the state court, receiver of the assets of the defendant. On June 25th, Yoshinuma acknowledged service in the state court suit and consented to making the receivership permanent and to the sale by the receiver of his assets. On September 15, 1942, two days more than four months after the receiver had been appointed, an involuntary petition in bankruptcy was filed against Yoshinuma, and consenting to be adjudged bankrupt, he was, on October 5, 1942, so adjudged. On October 6, 1942, Fuller was appointed receiver and instructed to apply to the state court for a turn-over order. He applied and was refused. He then applied to the bankruptcy court for such an order and his petition was referred to the referee as Special Master. On October 23, 1942, the special master filed his report in which, summarizing the material evidence and carefully and correctly setting down his conclusions of law,[1] he determined and

---

[1] "The bankruptcy proceeding having been instituted more than four months after the filing of the bill in the State Court, its appointment of the Receiver, and his taking of possession of the res in controversy, the State Court is entitled to retain jurisdiction and to administer the estate.

"§ 2, sub. a (21) of the Bankruptcy Act, as amended in 1938 [11 U.S.C.A. § 11, sub. a (21)]; Metcalf Bros. & Co. v. Barker, 187 U.S. 165, 23 S.Ct. 67 [47 L.Ed. 122]; Straton v. New, 283 U.S. 318, 51 S.Ct. 465 [75 L.Ed. 1060]; Blair v. Brailey, 5 [Cir.], 221 F. 1; Neely v. McGehee, 5 [Cir.], 2 F.2d 853; Murray v. Miller, 157 Ga. 11 [121 S.E. 113]; Ramey v. McCoy, 56 Ga.App. 741 [193 S.E. 790]; Clements v. Conyers, 7 [Cir.], 32 F.2d 5; Marcell v. Engebretson, 8 [Cir.], 74 F.2d 93, 94 (6); In re Hamilton, 7 [Cir.], 29 F.2d 281 (computation of time); Emil v. Hanley, 2 [Cir.], 130 F.2d 369, 371, as follows:

"'* * * Since the section 2, sub. a (21) merely granted a new remedy and was not intended to enlarge the jurisdiction of the bankruptcy Court.'

"§ 2057, Vol. 5, 4th Edition, Remington on Bankruptcy, as follows:

"'Assignments and Receiverships Created before Four Months—Assignments and receiverships instituted more than four months preceding the filing of bankruptcy petition are not affected.

"'But, of course, where the receivership is under a state insolvency law which is suspended by the bankruptcy law, the Bankruptcy Court is not prevented from taking possession of the property, although such appointment was made more than four months prior to the filing of the bankruptcy petition.'

"Vol. 1, Collier on Bankruptcy, 14th Edition, pp. 299, 304 and 305, as follows:

"'Clause (21) is an addition to § 2, sub. a, introduced by the Act of 1938. In many respects its provisions enact what was already established by prior case law; in certain other respects, particularly regarding disbursements made in proceedings other than bankruptcy be-

recommended accordingly that because the bankruptcy proceeding had been instituted more than four months after the filing of the bill in the state court, the petition for a turn-over order should be denied. On November 20, 1942, the district judge, over-ruling the objections and exceptions to the master's report, and making the findings of the master the order and judgment of the court, denied the petition.

Appellant, urging upon us that the referee and the district judge misconceived the effect of Sec. 2, sub. a(21)[2] of the Chandler Act, and, therefore, the state of the law, insists that Emil v. Hanley, March 15, 1943, 63 S.Ct. 687, 87 L.Ed. ——; Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591, and Straton v. New, 283 U.S. 327, 51 S.Ct. 465, 75 L.Ed. 1060 require a different holding. We do not think so. Nothing in any of those decisions at all makes against the position taken below. They are, indeed, authority for it. They but affirm and re-affirm the principle first laid down in Sturges v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 529, and persistently thereafter adhered to and reaffirmed in, among others, Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507; and International Shoe Co. v. Pinkus et al., 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318. This principle is that while federal bankruptcy statutes supersede state bankruptcy statutes, bankruptcy does not supersede a state court proceeding for the enforcement of a lien and the appointment of a receiver therein where the institution of the suit created a valid lien, or was for the enforcement of a valid existing lien obtained, more than four months prior to bankruptcy. The decisions of this court have been uniformly to the same effect. Blair v. Brailey, 5 Cir., 221 F. 1; Russell v. Edmondson, 5 Cir., 50 F.2d 175; Bryan v. Speakman, 5 Cir., 53 F.2d 463; In re White Star Refining Co., 5 Cir., 74 F.2d 269. The judgment is right. It is affirmed.

---

fore the filing of the bankruptcy petition, it gives Courts of bankruptcy necessary powers which had been denied or qualified in decisions before 1938.

" 'Where the non-bankruptcy receiver or trustee was appointed more than four months before the filing of the bankruptcy petition, the receivership or trustee proceedings will not be superseded (except in Chapters X and XII proceedings [11 U.S.C.A. § 501 et seq., § 801 et seq.]), and the receiver or trustee need not surrender any property to the bankruptcy Court, unless there proves to be a surplus over and above that necessary to satisfy lienors and claimants in the non-bankruptcy proceeding. The theory here is that an equitable attachment or lien not invalidated by § 67, sub. a [11 U. S.C.A. § 107, sub. a.], arises in favor of creditors instituting action for the appointment of a receiver and that the State Court so appointing will be permitted to administer the assets for the satisfaction of liens and claims. If, however, the receivership or trusteeship is initiated under a state statute which is in effect a state insolvency law tantamount to bankruptcy legislation, then such receivership will be superseded by bankruptcy, whether or not within the four-month limit prescribed by clause (21), as such proceedings are utterly null and void.'

"See Carling v. Seymour Lumber Co., 5 [Cir.], 113 F. 483, where the Court considers the effect of bankruptcy on the Georgia insolvency laws embodied in §§ 28-401 and 28-407 inclusive of the present Georgia Code."

2 U.S.C.A. Title 11, Sec. 11, sub. a (21). This section after providing for requiring receivers or trustees appointed in proceedings not under this act * * * to deliver such property to the debtor, or other person entitled to such property * * * concludes: "Provided, however, That such delivery and accounting shall not be required, except in proceedings under chapters 10 and 12 of this act if the receiver or trustee was appointed * * * more than four months prior to the date of bankruptcy".